JOHN TAYLOR *v.* STATE COMPENSATION COMMISSIONER

(No. 8046)

Submitted January 9, 1935. Decided January 15, 1935.

*E. Gaujot Bias,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondent.

*Goodykoontz & Slaven,* for Red Jacket Consolidated Coal & Coke Company.

MAXWELL, JUDGE:

Claimant complains of an order of the Workmen's Compensation Commissioner refusing him compensation on the ground that the injury involved did not arise in the course of and result from his employment. Code, 23-4-1.

On the 9th of February, 1933, after completing his work for the day, claimant left the mine of his employer, Red Jacket Consolidated Coal & Coke Company, through an opening which had been made at the rear for purposes of ventilation, admission of electric cables and discharge of refuse. He adopted this exit to shorten the distance he would have to walk to reach his home which was not located on the employer's property. He descended from this outlet by a rough and unimproved route, and, as he attempted to cross a small stream at the base of the slope about three-fourths of a mile from where he had left the mine, and still on his employer's property, he slipped on the ice and fell, breaking his left wrist.

With the knowledge of the mine officials but without any special permission so to do, a relatively small number (5 to 25) of the 350 men employed in the mine used this method of ingress and egress to and from the mine. The others used the main entrance and the passageway which had been constructed therefrom to the public road by the employer for the use of the employees, most of whom resided in houses owned by the employer.

In determining the right to compensation of an employee injured on his employer's property while en route to or from work, primary consideration must be given to the zone of employment. If the employee is injured within the zone, on property of the employer, while going to or returning from work, the general rule is that he is entitled to compensation. *Hager* v. *Compensation Commissioner*, 112 W. Va. 492, 165 S. E. 668; *Kasari* v. *Industrial Commission*, 125 Ohio St. 410, 181 N. E. 809, 82 A. L. R. 1040. And, if injured within the zone, he may be compensated though the accident did not occur on the property of the employer. *Canoy* v. *Compensation Commissioner*, 113 W. Va. 914, 170 S. E. 184. There, the

place of injury (highway) was brought within the zone of employment by the contract between the employer and the employee.

No rule is fixed for determining the extent of the margin of time, and distance from place of work, before and after the hours of employment, within which limits compensation should be awarded for travel injury to an employee. Each case must be determined on its own facts. *Zone* is, of course, a variable and relative term, but at the very least it implies reasonable proximity to the factory, mine, shop, quarry or other place of employment.

It is likewise a general rule that if injury happens to an employee while en route to or from the place of employment, not within the zone thereof, he is not protected by the workmen's compensation law. *De Constantin* v. *Public Service Commission,* 75 W. Va. 32, 83 S. E. 88; *Buckland* v. *Compensation Commissioner,* 115 W. Va. 323, 175 S. E. 785. In neither of these cases did the injury occur on the employer's property, but even where a travel injury occurs on the property, the general rule is the same when the employee was beyond the employment zone. *Gilmour* v. *Dorman, Long & Co. Ltd.,* (Eng.) IV Butterworths' Workmen's Compensation Cases, p. 279; *Walters* v. *Staveley Coal & Iron Co. Ltd.,* (Eng.) *Idem,* p. 303; *Morucci* v. *Susquehanna Collieries Co.,* 297 Pa. 508, 147 Atl. 533; *Hills* v. *Blair,* 182 Mich. 20, 148 N. W. 243; *McInerney* v. *Buffalo & S. Rd. Corp.,* 225 N. Y. 130, 121 N. E. 806.

The facts in two of the cited cases are illustrative. In the *Gilmour* case the employee en route to work was injured by falling on ice on a footpath on vacant property of his employer one-fourth mile from the plant where employed. The court said that it could not ''regard the case as in any way different from the case where a man slips on the ice on a public road, a quarter of a mile from his employer's works.'' The *Morucci* case presents a situation wherein the employee, returning home after the day's work, was killed on the property of the employer by being thrown from a coal car on which he was riding. The analogy between these two cases and the case at bar is pointed.

The circumstances surrounding complainant's accident place his case within the principle which has been generally adopted as determinative of the class represented by the group last cited.

Thus, reaching the conclusion that complainant's injury was not received in the course of and resulting from his employment, we affirm the order of the compensation commissioner refusing compensation.

*Affirmed.*