Elbert L. Bennett

v.

Otto Buckner

(No. 12512)

Submitted May 3, 1966.      Decided June 28, 1966.

R. G. Lilly, Robert J. Ashworth, for appellant.

Jackson, Kelly, Holt & O'Farrell, John L. McClaugherty, W. T. Shaffer, for appellee.

CALHOUN, JUDGE:

This case, on appeal from a final judgment of the Circuit Court of Kanawha County, involves a civil action instituted by Elbert L. Bennett, as plaintiff, against Otto Buckner, as defendant, to recover damages for personal injuries sustained by the plaintiff while on the premises of his employer, Union Carbide Corporation, a subscriber to the workmen's compensation fund.

The primary question presented for decision on this appeal is whether the defendant, as a fellow employee of the plaintiff, is or is not entitled to immunity from liability in the action by reason of the provisions of Code, 1931, 23-2-6, and 23-2-6a, as amended, which, for convenience, will be referred to in this opinion merely as Section 6 and Section 6a, respectively.

Section 6, to the extent that it is material in this case, is as follows: "Any employer subject to this chapter who shall elect to pay into the workmen's compensation fund the premiums provided by this chapter shall not be liable to respond in damages at common law or by statute for the injury or death of any employee however occurring after such election and during any period in which such employer shall not be in default in the payment of such premiums and shall have complied fully with all other provisions of this chapter; * *."

Article 2, Chapter 23, Code, 1931, was amended by Chapter 136, Acts of the Legislature, Regular Session, 1949, by the enactment of a new provision designated as Section 6a, which is as follows: "The immunity from liability set out in the preceding section shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention."

Upon a stipulation of all material facts, the circuit court granted the defendant's motion for summary judgment. From that judgment, the plaintiff has been granted the appeal to this Court.

Both the plaintiff and the defendant were employed by Union Carbide Corporation at its Bell Creek No. 3 mine in Kanawha County. On July 14, 1963, while the plaintiff and the defendant were going to work at their employer's coal mine, the plaintiff was riding in the bed of the defendant's pickup truck while it was being operated by the defendant over a private road leading to the mine. As the pickup truck was being driven by the defendant on the

employer's property in the area of a curve on the narrow, precipitous, unpaved private road leading to the mouth of the mine and the tipple, the plaintiff became fearful that the defendant was losing control of the pickup truck, jumped from it and, as a consequence, sustained the personal injuries for which recovery of damages is sought in the civil action involved in this case.

The private road in question leads from a state secondary highway over the employer's property to the mine. When the employer first opened the mine, it constructed a parking lot near the employer's mine office and machine shop for the parking of motor vehicles used by the employees in going to and returning from work in the mine. Initially, no motor vehicles, except those belonging to supervisory personnel, were permitted beyond the parking lot. From that point, employees walked to the mine over a footpath maintained for that purpose by the employer. Subsequently, and before the date the plaintiff was injured, the employer's policy concerning parking of motor vehicles was relaxed so as to permit pickup trucks to be driven beyond the parking lot to the vicinity of the mine entrance. Thereafter workmen who came to work in automobiles parked them on the parking lot and, from that point, either walked or rode in pickup trucks.

The stipulation of facts contains the following language: "On July 14, 1963, the plaintiff, together with Darrell Beard, Arnold Bartley and Jack Boley, fellow employees, in accordance with their custom and practice and with knowledge and consent of said Union Carbide Corporation, parked their automobiles on said parking lot adjacent to said mine office and machine shop and caught a ride with the defendant, intending to go to the drift mouth, tipple and lamp house area. The defendant drove a one-half ton pickup truck to work and was one of the employees who was permitted to drive his vehicle on said private road past said mine office and machine shop. On numerous occasions the defendant had transported other employees from the mine office and machine shop to the drift mouth, including the plaintiff." These employees were to begin their work shift at twelve

o'clock midnight and were reporting to work at the lamp house which is located adjacent to the entrance to the mine. The accident occurred at approximately 11:45 p.m. at a point approximately twelve hundred feet by the private road and approximately four hundred feet by direct course from the entrance to the mine.

On July 15, 1963, the plaintiff, while in a hospital receiving treatment for his injuries, filled out the necessary forms to make application for workmen's compensation benefits based on the injuries which he sustained in the manner previously described. The employer took the position that the claim was not compensable because the plaintiff was not under the supervision of a foreman at the time he sustained his injuries and because the accident occurred before the actual commencement of his work shift. The workmen's compensation commissioner, by an order entered on August 16, 1963, held that the claim was compensable. The employer did not object to the entry of the order within the prescribed thirty-day statutory period and consequently the order became final. The plaintiff began receiving benefits retroactive to the date of the accident. At the time the stipulation of facts was made, he was continuing to receive payment of his medical and hospital bills from the workmen's compensation fund.

Section 6a, which extended immunity to persons in addition to employers, has been considered by this Court in two previous cases but they are of limited aid in our decision of the present case. In *Crawford* v. *Parsons,* 141 W. Va. 752, 92 S. E. 2d 913, the primary question decided was that the statute is not unconstitutional. *Canterbury* v. *Valley Bell Dairy Company et al.,* 142 W. Va. 154, 95 S. E. 2d 73, involved an action by an employee, as plaintiff, against a fellow employee and the employer, as defendants, to recover damages for personal injuries sustained by the plaintiff as a result of the alleged negligence of the employee defendant. The Court held that both defendants were entitled to immunity from liability by reason of the provisions of the statutes which are involved in the present case.

Briefly summarized, the position of the plaintiff on his appeal to this Court is that the plaintiff and the defendant, at the time and place of the occurrence of the accident, were not fellow employees within the meaning of the pertinent statutes and that the defendant was not then and there "acting in furtherance of the employer's business." Code, 1931, 23-2-1, as amended, defines employees as follows: "All persons in the service of employers as herein defined, and employed by them for the purpose of carrying on the industry, business or work in which they are engaged, * * * are employees within the meaning of this chapter and subject to its provisions: * * *." We believe there can be no reasonable question that the plaintiff and the defendant were fellow employees within the meaning of the workmen's compensation statutes, even though they may have been employed to perform different tasks in different places within the mine. The precise question presented for decision is whether the fellow-employee relationship existed, within the meaning of the pertinent statutes, at the time and place of the occurrence of the accident from which the plaintiff's injuries resulted.

In order to fall within the purview of the workmen's compensation statutes and to be compensable, a claimant's injury must have been sustained within the "zone of employment." In determining whether a claim is compensable in this respect, each case must be judged on its facts. In *Hager* v. *State Compensation Commissioner et al.,* 112 W. Va. 492, 165 S. E. 668, the syllabus is as follows: "Where an employee is accidentally injured upon the premises owned or controlled by the employer at a point reasonably proximate to the place of work, while the employee is going to or from his work on a permissible route in general use by the employees, such injury will be deemed to have arisen from and in the course of the employment, within the Workmen's Compensation Act." See also *McEwan* v. *State Compensation Commissioner et al.,* 123 W. Va. 310, 14 S. E. 2d 914; *Carper* v. *Workmen's Compensation Commissioner,* 121 W. Va. 1, 1 S. E. 2d 165; *Taylor* v. *State Compensation Commissioner,* 116 W. Va. 13, 178 S. E. 71; *Canoy*

v. *State Compensation Commissioner,* 113 W. Va. 914, 170 S. E. 184. Following is the syllabus in *Evans* v. *Workmen's Compensation Commissioner et al.,* 124 W. Va. 336, 20 S. E. 2d 172: "A private road connecting different parts of a coal mining plant, and used by employees in going to and from their work, either as pedestrians or otherwise, is within the employee's zone of employment; and where an employee, in using such road in returning from work, is accidentally killed, the injury resulting in his death will be held to be one received in the course of and resulting from his employment." In the body of the opinion in the *Evans* case the Court stated: "We have held that the term 'zone of employment' implies reasonable proximity to the place of employment. * * * The plant equipment, we think, includes not only the tipple and the buildings surrounding it, but stores and machine shops used directly in connection with the operation of the mine, provided they are located within reasonable proximity to the mine itself. We think it also includes a private road of the mine owner, leading from a public highway into the mine proper."

Counsel for both parties in this case apparently agree that the workmen's compensation commissioner properly held that the plaintiff's injuries are compensable. The award of workmen's compensation benefits to the plaintiff necessarily embraces a determination that his injuries were sustained during the course of and as a result of his employment. Had the defendant, the driver of the truck, been injured at the same time and place, doubtless the same principles would have been applicable in determining the compensability of a claim by him for workmen's compensation benefits. The plaintiff insists, nevertheless, that the defendant, at the time and place the plaintiff sustained his injuries, was not "acting in furtherance of the employer's business" within the meaning of Section 6a.

*Hinkelman* v. *Wheeling Steel Corporation et al.,* 114 W. Va. 269, 171 S. E. 538, was decided more than fifteen years before Section 6a was enacted. In that case it was held that a company doctor, because his employer was a subscriber to the workmen's compensation fund, was protected

by the workmen's compensation law from liability for malpractice which aggravated an injury sustained by another employee of the company in the course of and as a result of his employment. See also *Makarenko v. Scott et al.*, 132 W. Va. 430, 55 S. E. 2d 88. In other words, the *Hinkelman* case extended the employer's immunity to its employee, and for more than fifteen years the legislature, by its inaction, permitted that rule of immunity to continue in existence. In *Tawney v. Kirkhart et al.*, 130 W. Va. 550, pt. 4 syl., 44 S. E. 2d 634, the *Hinkelman* case was expressly overruled. At the next succeeding session of the legislature, Section 6a was enacted. It is reasonable to assume that the purpose of the legislature in enacting Section 6a was to change the rule of the *Tawney* case so as to extend the immunity of the employer to additional persons. Section 6a commences with the following language: "The immunity from liability set out in the preceding section shall extend to * * *." The immunity "set out in the preceding section" clearly refers to the immunity of the employer under the workmen's compensation laws. It is obvious that the purpose of the legislature was to "extend" the same immunity and to accord an immunity identical with that of the employer to additional persons, including fellow employees. It is clear that the employer in this case, under Section 6, would be immune from liability in damages for the injuries sustained by the plaintiff.

Section 6a extends the employer's immunity under the workmen's compensation statutes to the specified categories of persons when "acting in furtherance of the employer's business." Counsel for the plaintiff contend that the phrase quoted immediately above has a different meaning from the phrase "in the course of and resulting from their employment," as that phrase appears in Code, 1931, 23-4-1, as amended. If the plaintiff and the defendant, at the time of the accident, were within the zone of their employment so that an injury sustained then and there by either of them would be regarded as having arisen during the course of and as a result of their employment, it would seem to follow logically that both, at the time of the accident, were "acting

in furtherance of the employer's business." The immunity of the defendant in this case does not arise from the mere fact that he was transporting the plaintiff in his pickup truck, but rather from the fact that the parties were fellow employees within the zone of the employment when the accident occurred, and from the fact that Section 6a grants to the defendant the same immunity the employer would have in relation to the plaintiff's injury. Code, 1931, 23-2-1, as amended, expressly excludes "any official" and "managers" from the definition of employees. Since managers and officials are not employees within the meaning of the workmen's compensation statutes, when the legislature set out to extend the employer's immunity to include officials and managers of the employer, it is understandable that the legislature perceived the wisdom or necessity of employing language which would mean course of employment as to employees, and yet embrace all officers, managers, representatives and agents of the employer.

For reasons stated in this opinion, we are of the opinion that the trial court properly held that, by pertinent workmen's compensation statutes, the defendant was given immunity from liability for damages for the plaintiff's personal injuries; and, therefore, the judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*