IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2013 Term

**FILED**

**November 6, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 12-0835

GINA YOUNG, Administratrix of the Estate of
RICHARD YOUNG, JR.,
Plaintiff Below, Petitioner

v.

APOGEE COAL COMPANY, LLC,
PATRIOT COAL CORPORATION and JAMES RAY BROWNING,
Defendants Below, Respondents

Certified Question from the
United States District Court for the Southern District of West Virginia
The Honorable Joseph R. Goodwin, Judge
Case No. 2:12-cv-01324

CERTIFIED QUESTION ANSWERED

Submitted:  October 15, 2013
Filed:  November 6, 2013

Timothy R. Conaway, Esq.
Benjamin M. Conaway, Esq.
CONAWAY & CONAWAY PLLC
Madison, West Virginia
Attorneys for Petitioners

Jeffrey M. Wakefield, Esq.
Joshua C. Dotson, Esq.
FLAHERTY SENSABAUGH
BONASSO PLLC
Charleston, West Virginia
Attorneys for Respondents

Guy R. Bucci, Esq.
Mark A. Barney, Esq.
BUCCI, BAILEY & JAVINS, L. C.
Charleston, West Virginia
Attorneys for Amicus Curiae
West Virginia Association for Justice

Thomas P. Maroney, Esq.
MARONEY, WILLIAMS, WEAVER
& PANCAKE, PLLC
Charleston, West Virginia
Attorney for Amicus Curiae
Kenneth M. Perdue as President of The
West Virginia Labor Federation, AFL-CIO

JUSTICE WORKMAN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "'A *de novo* standard is applied by this court in addressing the legal issues presented by certified question from a federal district or appellate court.' Syl. Pt. 1, *Light v. Allstate Ins. Co.*, 203 W.Va. 27, 506 S.E.2d 64 (1998)." Syl. Pt. 2, *Aikens v. Debow*, 208 W.Va. 486, 541 S.E.2d 576 (2000).

2.      "Where the issue on an appeal . . . is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, in part, *Chrystal R.M. v. Charlie A.L.,* 194 W. Va. 138, 459 S.E.2d 415 (1995).

3.      "The statute creating a legislative standard for loss of employer immunity from civil liability for work-related injury to employees found in W. Va. Code § 23-4-2 (1983) essentially sets forth two separate and distinct methods of proving 'deliberate intention.'" Syl. Pt. 1, *Mayles v. Shoney's, Inc.,* 185 W. Va. 88, 405 S.E.2d 15 (1990).

4.      "A cardinal rule of statutory construction is that significance and effect must, if possible, be given to every section, clause, word or part of the statute." Syl. Pt. 3, *Meadows v. Wal-Mart Stores, Inc.*, 207 W.Va. 203, 530 S.E.2d 676 (1999).

5.      "'In the interpretation of statutory provisions the familiar maxim *expressio unius est exclusio alterius*, the express mention of one thing implies the

exclusion of another, applies.' Syllabus Point 3, *Manchin v. Dunfee*, 174 W.Va. 532, 327 S.E.2d 710 (1984)." Syl. Pt. 6, *Phillips v. Larry's Drive-In Pharmacy, Inc.*, 220 W.Va. 484, 647 S.E.2d 920 (2007).

6.     West Virginia Code § 23-4-2(d)(2)(ii) (2005) provides for a "deliberate intent" cause of action against an employer only. A non-employer "person," as identified in West Virginia Code § 23-2-6a (1949), may not be made a defendant in a cause of action brought pursuant to West Virginia Code § 23-4-2(d)(2)(ii).

WORKMAN, Justice:

This case is before the Court upon a certified question presented by the United States District Court for the Southern District of West Virginia regarding whether a "deliberate intent" cause of action pursuant to West Virginia Code § 23-4-2(d)(2)(ii) (2005) may be brought against a non-employer "person," such as a supervisor or co-employee. Upon careful review of the briefs, the appendix record, the arguments of the parties, and the applicable legal authority, we conclude that a non-employer "person," who enjoys the immunity contained in West Virginia Code § 23-2-6a (1949), may not be made a defendant in a cause of action brought pursuant to West Virginia Code § 23-4-2(d)(2)(ii). Accordingly, we answer the certified question in the negative.

## I. FACTS AND PROCEDURAL HISTORY

On May 14, 2011, Richard Young, Jr. (hereinafter "Young") was killed while working for Apogee Coal Company LLC (hereinafter "Apogee"). Young was allegedly instructed by his supervisor, respondent James Browning (hereinafter "Browning"), a maintenance supervisor, to remove a counterweight on an end loader to access the fuel tank. While Young was removing the counterweight, it fell on top of him and killed him. As a result, petitioner Gina Young, Administratrix of the Estate of Richard Young, Jr., (hereinafter "petitioner") filed suit in the Circuit Court of Boone County, West Virginia, against Apogee, Browning, and Patriot Coal Company, Apogee's alleged parent company (hereinafter collectively "respondents"). Petitioner's complaint

1

alleges, inter alia, a "deliberate intent" cause of action pursuant to West Virginia Code § 23-4-2(d)(2)(ii) against respondents Browning and Apogee on the basis that Young had not been properly trained on removal of the counterweight. Petitioner alleges that Browning and Apogee violated each of the five factors contained in West Virginia Code § 23-4-2(d)(2)(ii)(A) through (E).

Respondents removed the case to the United States District Court for the Southern District of West Virginia on the basis of diversity jurisdiction. Respondents alleged that the diversity-defeating defendant, Browning, had been fraudulently joined inasmuch as West Virginia Code § 23-4-2(d)(2)(ii) provides a cause of action against an employer only and that individuals, such as supervisors or co-employees, are not proper party defendants. Noting the split of authority among the West Virginia federal districts on this issue, by order dated July 3, 2012, the District Court certified the following question to this Court pursuant to the Uniform Certification of Questions of Law Act, West Virginia Code § 51-1A-1 (1996) *et seq.*:

> Does the "deliberate intention" exception to the exclusivity of Workers Compensation benefits outlined in West Virginia Code § 23-4-2(d)(2)(ii) apply to "persons" (supervisor and co-employees) as well as employers?

## II. STANDARD OF REVIEW

This Court has consistently held that "'[a] *de novo* standard is applied by this court in addressing the legal issues presented by certified question from a federal

2

district or appellate court.' Syl. Pt. 1, *Light v. Allstate Ins. Co*., 203 W.Va. 27, 506 S.E.2d 64 (1998)." Syl. Pt. 2, *Aikens v. Debow*, 208 W. Va. 486, 541 S.E.2d 576 (2000). Moreover, "[w]here the issue on an appeal . . . is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W. Va. 138, 459 S.E.2d 415 (1995).

## III. DISCUSSION

West Virginia Code § 23-2-6 (2003) establishes the exclusive remedy as against an employer for workplace injuries or death and provides general immunity from suit for such injuries or death to qualifying employers.[1] West Virginia Code § 23-2-6a (1949) extends the same immunity to a variety of natural persons through whom the employer acts: "The immunity from liability set out in the preceding section [§23-2-6] shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict

---

[1] West Virginia Code § 23-2-6 provides, in pertinent part:

> Any employer subject to this chapter who subscribes and pays into the Workers' Compensation Fund the premiums provided by this chapter or who elects to make direct payments of compensation as provided in this section is not liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which the employer is not in default in the payment of the premiums or direct payments and has complied fully with all other provisions of this chapter.

3

an injury with deliberate intention." As is well-established, however, that immunity is stripped to the extent that a workplace injury or death is inflicted with "deliberate intent." W. Va. Code § 23-4-2(c) (2005) ("If injury or death result to any employee from the deliberate intention of his or her employer to produce the injury or death, the employee . . . has the privilege to take under this chapter and has a cause of action against the employer . . . ."); W. Va. Code § 23-2-6a (granting immunity to employee insofar as employee does not "inflict an injury with deliberate intention"). Deliberate intent may be proven in two "separate and distinct" ways, as set forth exclusively in West Virginia Code § 23-4-2(d)(2)(i) and (ii). *See* Syl. Pt. 1, *Mayles v. Shoney's, Inc.,* 185 W. Va. 88, 405 S.E.2d 15 (1990) ("The statute creating a legislative standard for loss of employer immunity from civil liability for work-related injury to employees found in W. Va. Code § 23-4-2 (1983) essentially sets forth two separate and distinct methods of proving 'deliberate intention.'").

The first type of activity which the Legislature has defined as constituting deliberate intent involves injury which comes about as the result of a "consciously, subjectively and deliberately formed intention to produce the specific result of injury or death[,]" as described in West Virginia Code § 23-4-2(d)(2)(i) (hereinafter "(d)(2)(i)" or "(i)").[2] The second type of conduct which constitutes deliberate intent is described in

---

[2] Such a cause of action under West Virginia Code § 23-4-2(d)(2)(i) "requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of: (A) Conduct which produces a result that was not specifically intended; (B) conduct (continued . . .)

4

West Virginia Code § 23-4-2(d)(2)(ii) (hereinafter also "(d)(2)(ii)" or "(ii)") and requires the employee to prove violation of five factors. The five-factor test requires, generally, the employee to prove that he or she was injured as the result of a "specific unsafe working condition" as defined therein, of which the employer had actual knowledge and to which the employer nevertheless intentionally exposed the employee. This certified question requires interpretation of the entirety of subsection (d)(2)(i) and (ii), which describes these two methods of establishing deliberate intent. With emphasis to the operative terms which form the underpinning of the certified question, West Virginia Code § 23-4-2(d)(2)(i) and (ii) provide:

> (2) The immunity from suit provided under this section and under sections six [§23-2-6] and six-a [§23-2-6a], article two of this chapter may be lost only if *the employer or person against whom liability is asserted* acted with "deliberate intention". This requirement may be satisfied only if:
>
> (i) It is proved that *the employer or person against whom liability is asserted* acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of: (A) Conduct which produces a result that was not specifically intended; (B) conduct which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct; or
>
> (ii) The trier of fact determines, either through specific findings of fact made by the court in a trial without a jury, or through special interrogatories to the jury in a jury trial, that all of the following facts are proven:

which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct[.]"

5

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That *the employer*, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

(C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, *the employer* nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§23-4-1], article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

(emphasis added). The certified question as framed by the District Court inquires as to whether a non-employer "person" may be made a party defendant in a case brought pursuant to West Virginia Code § 23-4-2(d)(2)(ii).[3]

In absence of any outcome-determinative caselaw, the parties urge the reasoning employed by the various federal district courts in this State in support of their respective positions and advance a variety of policy-related arguments.[4] This issue has apparently frequently arisen in federal court in instances where defendants remove the case on diversity grounds, but in so doing must establish that the individual, diversity-defeating defendant has been fraudulently joined, as in the case *sub judice*. As a result, a split of authority between the Southern and Northern Districts of West Virginia has arisen. In general, the Southern District has held that (d)(2)(ii) does *not* support a cause of action against an individual defendant, dismissed the diversity-defeating defendant,

---

[3] The Court recognizes, of course, that a natural "person" may be an "employer" for purposes of workers' compensation. ("A person, firm, association or corporation, regularly employing other persons for the purpose of carrying on any business in this State within the usual meaning of those words, who holds himself or itself out to be an employer, and is accepted as such by the State Compensation Commissioner, is an 'employer' within the meaning of the Act." Syl. Pt. 1, *State ex rel. Red Jacket Coal Corp. v. Stokes,* 142 W.Va. 126, 94 S.E.2d 634 (1956)). To the extent reference herein is made to "persons" or "individuals," those persons or individuals are defined as being those non-employer individuals identified in West Virginia Code § 23-2-6a.

[4] The West Virginia Association for Justice and Kenneth M. Perdue, President of the West Virginia Labor Federation, AFL-CIO provided a joint amici brief which essentially mirrors the arguments advanced by petitioner. The Court acknowledges and expresses its appreciation for their submission.

7

and retained jurisdiction. The Northern District has largely held that there is at least a "possibility" that a (d)(2)(ii) case may be made against individuals and therefore remanded the cases back to state court for lack of diversity. ("'The removing party must establish either: [t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.'" *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).[5]

In that regard, petitioner first argues that because the prefatory language of subsection (d)(2)—which introduces the successive descriptions of the two types of deliberate intent contained in (d)(2)(i) and (d)(2)(ii)—utilizes the phrase "the employer *or*

---

[5] Each district does, however, have a minority of decisions to the contrary of the prevailing view of that district. *See Burch v. Monarch Rubber Co.,* 2:06-cv-760 (S.D.W. Va. 2006) (Goodwin, J.) (granting motion to remand for lack of diversity); *Bledsoe v. Brooks Run Mining Co., LLC*, 2011 WL 5360042 (S.D.W. Va. 2011) (Berger, J.) (same); *Fincham v. Armstrong World Indus., Inc.*, 2008 WL 9007258 (N.D.W. Va. 2008) (Bailey, J.) (denying motion to remand and dismissing non-diverse, individual defendant). Notably, in *Bledsoe*, the court highlighted the requirement that, on a motion to remand based on fraudulent joinder, "'all legal uncertainties are to be resolved in the plaintiff's favor.'" *Bledsoe* at *3 (citing *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 425 (4th Cir. 1999)). Respondents note, however, that when faced with this issue in the context of a *motion to dismiss* both Judges Berger (while on the State circuit bench) and Goodwin dismissed an individually named defendant from a (ii) case. *See Farley v. Argus Energy, LLC*, C.A. 07-C-2683 (Cir. Ct. Kan. Cnty. June 5, 2008) (Berger, J.); *Stover v. Matthews Trucking, Inc.,* 2011 WL 6141099 (S.D.W. Va. 2011) (Goodwin, J.) (contrasting the required analysis of propriety of (ii) case against individual defendant in context of motion to dismiss as opposed to the higher burden imposed upon the moving party under fraudulent joinder standards).

*person* against whom liability is asserted," it controls the subsections thereafter, in which event either type of deliberate intent case may be alleged against an employer *or* a person, such as a co-employee, supervisor, or corporate officer. (emphasis added). As a corollary to this argument, petitioner cites this Court's opinion in *Bennett v. Bucker*, 150 W. Va. 648, 149 S.E.2d 201 (1966), in which we found a co-employee immune from suit as a result of the extension of immunity to fellow employees under West Virginia Code § 23-2-6a. Petitioner cites to the *Bennett* Court's statement that "[i]t is obvious that the purpose of [West Virginia Code § 23-2-6a] . . . was to 'extend' the same immunity and to accord an immunity identical with that of the employer to additional persons, including fellow employees." 150 W. Va. at 654, 149 S.E.2d at 205. Petitioner contends that if the employer *loses* immunity in instances where an individual does not, the immunity between the two is no longer "identical" and that only by reading (d)(2)(i) and (d)(2)(ii) coextensively with one another is that purpose fulfilled.

Petitioner's argument in this regard is similar to—and likely derives from—the rationale utilized in the leading case in the Northern District on this issue, *Weekly v. Olin Corp.*, 681 F. Supp. 346 (N.D.W. Va. 1987) (Kaufman, J.).[6] In *Weekly*, the court agreed with the plaintiff's position that because the

---

[6] Senior Judge Frank A. Kaufman of the United States District Court for the District of Maryland was sitting by designation.

introductory language of section 23-4-2(c)(2),[7] which governs the application of all parts of section 23-4-2 and thus of *both* subsections 23-4-2(c)(2)(i) and 23-4-2(c)(2)(ii), speaks of the "employer *or person*[,]" . . . . the two subsections merely represent two alternative methods of proving liability against either one or both of the employer and co-worker.

*Id.* at 352 (footnote added). Citing *Bennett,* the *Weekly* court likewise noted that the immunity afforded to employees was intended to be identical to that afforded to the employer and that "[t]he scope of immunity would cease to be identical if a co-worker, *i.e.*, a 'person' who is not an 'employer,' enjoyed greater statutory protection with respect to the burden of proof than did his employer." *Id.* (citations omitted). [8]

Respondents, on the other hand, argue that because the plain language of (d)(2)(ii) references *only* the employer, a "specific unsafe working condition"-type

---

[7] The methods of establishing deliberate intent were originally contained in West Virginia Code § 23-4-2(c)(2), but were redesignated as § 23-4-2(d)(2) in 2003 after insertion of an additional subsection.

[8] Two additional courts in the Northern District subsequently agreed with this interpretation, granting motions to remand for lack of diversity where individual defendants were named in (ii) suits. *See Goudy v. McElroy Coal Co.,* 2010 WL 4179254 (N.D.W. Va. 2010) (Stamp, J.); *Hoffman v. Consolidation Coal Co.,* 2010 WL 4968266 (N.D.W. Va. 2010) (Stamp, J.); *Williams v. Harsco Corp.,* 2011 WL 3035272 (N.D.W. Va. 2011) (Keeley, J.); *Blythe v. Consolidation Coal Co.,* 2013 WL 486871 (N.D.W. Va. 2013) (Stamp, J.). In support of their decisions, and without much additional analysis, they cite to *Weekly*, other Northern District cases which relied upon *Weekly*, and state court cases from Harrison and Kanawha Counties finding similarly. *Knight v. Baker Material Handling Corp.*, No. 01-C-39-1 (Cir. Ct. Harrison Cnty. Sept. 26, 2001); *Anderson v. Am. Elec. Power Serv. Corp.*, No. 06-C-770 (Cir. Ct. Kanawha Cnty. April 10, 2007). Like Judges Berger and Goodwin in the Southern District, most of these decisions also reference the court's requirement to resolve "legal uncertainties" in plaintiff's favor within the context of a motion to remand. *See* n.5*, supra.*

10

deliberate intent case may only lie against the employer and not a "person," such as a co-employee or supervisor. Respondents further counter petitioner's argument about the "identical" nature of employer and employee immunity by noting that 1) *Bennett* was decided before (d)(2)(i) and (ii) were enacted;[9] and 2) simply because an employer and "person" can *lose* their immunity in different ways does not mean that the grant of immunity under West Virginia Code §§23-2-6 and -6a is not identical as to both.

Respondents' position mirrors that subscribed to in large part in the Southern District, as set forth in *Evans v. CDX Services, LLC*, 528 F. Supp.2d 599 (S.D.W. Va. 2007) (Johnston, J.). In *Evans*, the court found that the rules of statutory construction required that the court "'give significance and effect to every section, clause, word or part of a statute[.]'" *Id.* at 605 (quoting *Savilla v. Speedway Superamerica, LLC*, 219 W.Va. 758, 763, 639 S.E.2d 850, 855 (2006), *overruled on other grounds by Murphy v. Eastern American Energy Corp.*, 224 W.Va. 95, 680 S.E.2d 110 (2009)). Criticizing the *Weekly* court for "cho[osing] to give no effect to the differing terminology in the two subsections[,]" the court found that since the Legislature referenced only "the employer" in (ii), a case against an individual defendant would not lie. *Id.*[10]

---

[9] *See* n.7, *supra.*

[10] Since *Evans*, other courts in the Southern District have followed its reasoning and refused to allow (ii) cases to be asserted against individual defendants. *See King v. Sears Roebuck & Co.,* 2011 WL 672065 (S.D.W. Va. 2011) (Faber, J.); *Stover v. Matthews Trucking,* 2011 WL 6141099 (Goodwin, J.); *Adkins v. Consolidation Coal Co.,* 856 F. Supp.2d 817 (S.D.W. Va. 2012) (Copenhaver, J.); *see also Hager v. Cowin and* (continued . . .)

11

Subscribing to the reasoning employed in *Evans*, the court in *Adkins v. Consolidation Coal Co.* offered further analysis in support of its conclusion that (ii) does not provide a cause of action against an individual. Likewise noting that the word "person" appears nowhere in the text of (ii), the court characterized the contrasting language in (i) and (ii) as "stark and telling." 856 F. Supp.2d at 824. The court concluded that employee immunity could be lost only under a (d)(2)(i) case and, given the absence of liability-creating language for a "person" in (d)(2)(ii), stated:

> Surely, the legislature did not intend, by the express language it used in section 23-4-2(d)(2)(ii), to withdraw immunity from an employee simply because the *employer* had actual knowledge of the existence of the specific unsafe working condition and the *employer* had actual knowledge of the high degree of risk and the strong probability of serious injury or death[.] . . . Such an unacceptable result is readily avoided by giving apt meaning to all parts of section 23-4-2(d)(2).

*Id.* The *Adkins* court found that such a construction of the statute resulted in "[e]very word, every phrase, and every clause [being] construed in connection with the whole statute so as to harmonize all parts and faithfully apply the language the legislature adopted. What this reading does not do is add words to subsection 23-4-2(d)(2)(ii) that are not there." *Id.* Finally, the court readily dismissed any applicability of *Bennett* to the analysis because it was decided before the two types of deliberate intent actions were codified in 1983. *Id.* at 823.

---

*Co., Inc.,* 2011 WL 2175075 (S.D.W. Va. 2011) (Johnston, J.); *Cartwright v. Superior Well Servs., Inc.,* 2011 WL 4528251 (S.D.W. Va. 2011) (Faber, J.);

12

Having outlined the various reasoning employed in our federal courts, we find that this case presents a straightforward issue of statutory construction. To that end, this Court has long recognized that a "cardinal rule of statutory construction is that significance and effect must, if possible, be given to every section, clause, word or part of the statute." Syl. Pt. 3, *Meadows v. Wal-Mart Stores, Inc.*, 207 W.Va. 203, 530 S.E.2d 676 (1999); *see also State ex rel. Johnson v. Robinson*, 162 W.Va. 579, 582, 251 S.E.2d 505, 508 (1979) ("It is a well known rule of statutory construction that the Legislature is presumed to intend that every word used in a statute has a specific purpose and meaning."); *Davis Mem'l Hosp. v. W. Va. State Tax Comm'r,* 222 W.Va. 677, 686, 671 S.E.2d 682, 691 (2008) (same). "Courts should favor the plain and obvious meaning of a statute as opposed to a narrow or strained construction." *T. Weston, Inc. v. Mineral Cnty.*, 219 W.Va. 564, 568, 638 S.E.2d 167, 171 (2006) (citing *Thompson v. Chesapeake & O. Ry. Co.*, 76 F. Supp. 304, 307-08 (S.D. W. Va. 1948)).

We find the Legislature's express reference to a "person against whom liability may be asserted" in (d)(2)(i) and starkly contrasting omission of a commensurate reference thereto in (ii), which was crafted and enacted at the exact same time, unmistakable evidence of its intent. To find otherwise would violate virtually every known tenet of statutory construction. "'[I]t is not for this Court arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted.'" *Phillips v. Larry's Drive-In Pharmacy,*

13

*Inc.*, 220 W.Va. 484, 491, 647 S.E.2d 920, 927 (2007) (citations omitted); *see also State ex rel. Frazier v. Meadows*, 193 W.Va. 20, 24, 454 S.E.2d 65, 69 (1994) ("Courts are not free to read into the language what is not there, but rather should apply the statute as written.").

Moreover, the statute's silence as to the elements necessary to establish a (ii) case against a non-employer person supports the construction that liability against a non-employer person is simply not contemplated under this manner of proving deliberate intent. This Court has long-observed the tenet that "'[i]n the interpretation of statutory provisions the familiar maxim *expressio unius est exclusio alterius*, the express mention of one thing implies the exclusion of another, applies.' Syllabus Point 3, *Manchin v. Dunfee*, 174 W.Va. 532, 327 S.E.2d 710 (1984)." Syl. Pt. 6, *Phillips,* 220 W.Va. 484, 647 S.E.2d 920. Critically, we have found that "[t]he *expressio unius* maxim is premised upon an assumption that certain omissions from a statute by the Legislature are *intentional*." *Id.* at 492, 647 S.E.2d at 928 (emphasis added). Subsection (d)(2)(ii) clearly sets forth the very detailed elements of proof required as against "the employer," but says nothing of what sort of commensurate finding would be necessary to find a mere co-employee, supervisor, or even officer liable. Petitioner summarily argues that a jury would have to find the identical elements of proof against the person to create liability against him or her; however, this contention is pulled from thin air and merely underscores the complete lack of direction in the statute as to how a case may be made against a non-employer individual for a (ii) claim.

14

Although petitioner's argument that the reference to "employer or person against whom liability is asserted" in the prefatory section contained in (d)(2) governs all subsequent subsections may have some surface level appeal, we find that such language is simply a grammatical necessity to encompass all of the optional defendants described in each of the two following subsections. This Court has aptly noted that "statutory interpretation 'is a holistic endeavor . . . and, at a minimum, must account for a statute's full text, language as well as punctuation, *structure* and subject matter.'" *W. Va. Health Care Cost Review Auth. v. Boone Mem'l Hosp.,* 196 W.Va. 326, 338, 472 S.E.2d 411, 423 (1996) (quoting *United States Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) (emphasis added).

Subsection (d)(2) simply provides an introduction to the general principle that the immunity provided to employers in West Virginia Code § 23-2-6 and non-employer "persons" in West Virginia Code § 23-2-6a may be lost only if either acts with deliberate intent, as defined in (i) *or* (ii). Since (i) *expressly* allows for a suit against a "person" for a "consciously, subjectively and deliberately" inflicted workplace injury, while (ii) restricts such an action to "the employer," the only way to collectively reference all of the types of otherwise-immune defendants who will be stripped of that immunity if they act in accordance with the elements of (i) or (ii) is to reference both employers and persons in the disjunctive. "Recognizing the obvious, the normal use of the disjunctive 'or' in a statute connotes an alternative or *option to select*." *Carper v. Kanawha Banking & Trust Co.*, 157 W.Va. 477, 517, 207 S.E.2d 897, 921 (1974)

15

(emphasis added).  Subsections (i) and (ii) present a variety of options to an employee as to how he or she may prove deliberate intent and who may or may not be sued for each type of deliberate intent.  However, for purposes of establishing one of those actions, (i) and (ii) are obviously limited to their express terms.  An employee may bring an (i) suit against an employer, a "person against whom liability is asserted," or both.  An employee may likewise bring a (ii) suit against the employer.  Subsection (d)(2) simply introduces these options.  Any concern about not giving effect to the "employer or person" language in § 23-4-2(d)(2) is misplaced; there is simply no other grammatical way for the Legislature to make collective reference to all of the various options contained in (i) and (ii).

Finally, we agree with the *Adkins* court that our decision in *Bennett* lends little, if anything, to our analysis.  As noted, *Bennett* was decided seventeen years before the deliberate intent exceptions now contained in § 23-4-2(d)(2) were enacted, and frankly stands only for the proposition that West Virginia Code § 23-2-6a provides fellow employees with immunity from suit for ordinary workplace negligence.  The lone sentence in *Bennett* about the "identical" nature of the immunity of employers and employees, upon which petitioners and the *Weekly* court so heavily rely, is mere *dicta* and can certainly not be said to alter the manner or degree to which an employer or

16

employee loses his or her immunity, which matter is governed exclusively by the language of West Virginia Code § 23-4-2(d)(2)(i) and (ii).[11]

As noted above, petitioner further advances several policy-based arguments to encourage this Court to interpret the statute as providing a cause of action against "persons," particularly supervisors and officers. In sum, petitioner argues that 1) if

---

[11] Petitioner further argues that the deliberate intent cause of action is actually "created" in § 23-4-2(c) which likewise contains no reference to "person," despite the fact that a cause of action against an individual defendant is expressly permitted under (d)(2)(i). From this, petitioner argues that a similar omission of the word "person" in (d)(2)(ii) is therefore "insignificant." West Virginia Code § 23-4-2(c) provides:

> If injury or death result to any employee from the deliberate intention of his or her employer to produce the injury or death, the employee . . . has the privilege to take under this chapter and has a cause of action against *the employer*, as if this chapter had not been enacted, for any excess of damages over the amount received or receivable in a claim for benefits under this chapter, whether filed or not.

(emphasis added). We find this argument meritless. First, we note that this argument is fairly at odds with petitioner's contention that the specific inclusion of "person" in the introductory language contained in (d)(2) is actually *controlling* in this matter. More to the point, however, the deliberate intent exception to workers' compensation immunity was first codified in 1913, at which time "persons" such as employees or supervisors had not yet been granted concomitant statutory immunity. 1913 W.Va. Acts Ch. 10; W. Va. Code § 23-4-2. Therefore, it was unnecessary to extend the statutory deliberate intent exception to non-employer "person" immunity at that time inasmuch as they had no statutorily-created immunity. When the immunity was extended to the natural persons identified in West Virginia Code § 23-2-6a in 1949, the deliberate intent exception was articulated within that statute itself and it was therefore unnecessary to amend § 23-4-2(c): "The immunity from liability set out in the preceding section shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business *and does not inflict an injury with deliberate intention*." (emphasis added).

17

supervisors are not subject to liability for specific unsafe working conditions, they will have no incentive to enforce safety rules; 2) employers will simply hide assets with high-ranking officers and supervisors to deplete their corporate funds from which a judgment can be collected; 3) such a result would permit supervisors, as employees, to sue the employer, but be immune from suit themselves; and 4) such a rule would force plaintiffs out of state court, requiring them to cede their local judges and juries and travel to the closest district court.[12]

Insofar as petitioner's policy arguments are concerned, it is simply not the place of this Court to opine as to the wisdom or efficacy of those concerns in this area which the Legislature has unmistakably set out to manage wholly by statutory enactment. *See Roberts v. Consolidation Coal Co.,* 208 W. Va. 218, 234, 539 S.E.2d 478, 494 (2000) ("[T]he right to workmen's compensation benefits is based wholly on statutes, in no sense based on the common law; that such statutes are sui generis and controlling; [and]

---

[12] Respondents commensurately attempt to debunk these policy arguments and offer policy concerns of their own. Respondents contend that: 1) individual supervisors or officials may face criminal or regulatory penalties for safety violations, which is more of a deterrent than a lawsuit for which they may be judgment-proof; 2) companies are not likely to funnel their assets away from stockholders to officers and managers just to avoid judgment, and if they do, a plaintiff may pierce the corporate veil; 3) companies, not supervisors, set policy and therefore permitting a supervisor to sue but not be sued is consistent with the statutory scheme; and 4) diversity jurisdiction exists to protect non-resident defendants from local prejudices and plaintiffs only join individuals to defeat diversity, not to retain a culpable party. Respondent also argues that public policy favors disallowing a (ii) case against persons such as respondent Browning, as it will have a chilling effect on attracting qualified people to supervisory roles where they will be subject to liability for policy decisions over which they have no control.

18

that the rights, remedies and procedures thereby provide are exclusive[.]" (quoting *Bounds v. State Workmen's Comp. Comm'r*, 153 W. Va. 670, 675, 172 S.E.2d 379, 382-83 (1970)). We have long held that "[i]t is not the province of the courts to make or supervise legislation, and a statute may not, under the guise of interpretation, be modified, revised, amended, distorted, remodeled, or rewritten[.]" *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 145, 107 S.E.2d 353, 358 (1959) (citation omitted). While this Court frequently looks to legislative intent as needed to interpret an ambiguous statute, "[t]his does not mean, however, that we are at liberty to substitute our policy judgments for those of the Legislature whenever we deem a particular statute unwise." *Taylor-Hurley v. Mingo Cnty. Bd. of Educ.*, 209 W.Va. 780, 787, 551 S.E.2d 702, 709 (2001). Moreover, the rules of statutory construction should not be used to "'displace legislative policy on the basis of speculation that the legislature could not have meant what it unmistakably said.'" *Id.* at 787-88, 551 S.E.2d at 709-710 (quoting 2A Norman J. Singer, *Statutes and Statutory Construction* § 46:07, at 199 (6th ed. 2000)). We believe the express language of West Virginia Code § 23-4-2(d)(i) and (ii) compels the conclusion that a non-employer person is not a viable defendant in a (ii) case. We therefore hold that West Virginia Code § 23-4-2(d)(2)(ii) (2005) provides for a "deliberate intent" cause of action against an employer only. A non-employer "person," as identified in West Virginia Code § 23-2-6a (1949), may not be made a defendant in a cause of action brought pursuant to West Virginia Code § 23-4-2(d)(2)(ii).

## IV. CONCLUSION

For the reasons set forth hereinabove, we answer the certified question in the negative.

Certified Question Answered.