No. 12-1206 -	*Master Mechanical Insulation, Inc. v. Richard Simmons*

**FILED**

**November 21, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Davis, Justice, dissenting:

In the case *sub judice*, the Court was asked to answer certified questions from the Circuit Court of Cabell County regarding the evidence that the employer in this deliberate intention action may introduce in defense of its alleged wrongdoing. Despite this Court's established jurisprudence, the majority nevertheless has ignored our prior holdings, concluding, instead, that the defendant employer may assert, as a defense to its alleged misconduct, that its employee caused the specific unsafe working condition that resulted in his workplace injuries. The majority also has determined that the employer herein may relitigate whether its employee's injuries occurred in the course of and as a result of his employment even though this matter already has been definitively determined by this Court. The majority's decision of both of these issues is contrary to our prevailing precedent and is just plain wrong. Therefore, I dissent.

1

### A. An Employer May Not Assert Its Employee's Contributory Negligence As a Defense to Its Employee's Deliberate Intention Action

In Syllabus point 8 of *Roberts v. Consolidation Coal Company*, 208 W. Va. 218, 539 S.E.2d 478 (2000), we succinctly held that "[w]hen an employee asserts a deliberate intention cause of action against his/her employer, pursuant to W. Va. Code §§ 23-4-2(b)-(c) (1991) (Cum. Supp. 1991), the employer may not assert the employee's contributory negligence as a defense to such action." As noted by the majority's opinion, this holding remains good law and has not been overruled by this Court or by the majority's decision in this case. Nevertheless, the majority has begun the gradual erosion of this tenet by permitting "[a]n employer in a 'deliberate intent' action brought pursuant to West Virginia Code § 23-4-2(d)(2)(ii) (2010) [to] introduce evidence that is relevant to the issues of whether an employee's conduct created a specific unsafe working condition[.]" Syl. pt. 4, in part, Maj. op. Absent a significant change in the law that warrants a marked departure from our established holding in *Roberts* or express statutory language to the contrary, the majority had no basis for departing from our prior precedent and has, by adopting this new Syllabus point, started down a slippery slope of using judicial prerogative to replace legislative wisdom regarding the parties' burdens of proof in a *statutory* deliberate intention action.

**1. *Stare decisis* requires allegiance to this Court's prior holdings.** "Absent some compelling justification for deviation, such as a change in the law or a distinguishable fact pattern, the doctrine of *stare decisis* requires this Court to follow its prior opinions." *State Farm Mut. Auto. Ins. Co. v. Rutherford*, 229 W. Va. 73, 83, 726 S.E.2d 41, 51 (2011) (Davis, J., concurring, in part, and dissenting, in part). In other words, "[a]n appellate court should not overrule a previous decision recently rendered without evidence of changing conditions or serious judicial error in interpretation sufficient to compel deviation from the basic policy of the doctrine of stare decisis, which is to promote certainty, stability, and uniformity in the law." Syl. pt. 2, *Dailey v. Bechtel Corp.*, 157 W. Va. 1023, 207 S.E.2d 169 (1974). *Accord Hilton v. South Carolina Pub. Rys. Comm'n*, 502 U.S. 197, 202, 112 S. Ct. 560, 564, 116 L. Ed. 2d 560 (1991) ("[W]e will not depart from the doctrine of *stare decisis* without some compelling justification." (citation omitted)).

With respect to the specific nature of the case *sub judice*, we have explained that our allegiance to our prior decisions is most compelling in matters involving statutory interpretation. "Once this Court determines a statute's clear meaning, we will adhere to that determination under the doctrine of *stare decisis*." *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W. Va. 573, 588 n.17, 466 S.E.2d 424, 439 n.17 (1995). *Accord Patterson v. McLean Credit Union*, 491 U.S. 164, 172, 109 S. Ct. 2363, 2370, 105 L. Ed. 2d

132 (1989) ("Considerations of *stare decisis* have special force in the area of statutory interpretation[.]").

Despite their attempts to support their adoption of new Syllabus point 4 herein, the majority cannot make a credible argument to modify our prior holding because there has been no discernible change in the law, or the fact patterns to which it has been applied, since we announced our holding in Syllabus point 8 of *Roberts*. Rather, it goes without saying that the majority, itself, has recognized that there have been no perceptible alterations to the law since we rendered our ruling in *Roberts* insofar as my brethren have fully embraced Syllabus point 8 thereof by including it on the Syllabus page of the majority's opinion and relying upon it in support of its decision of the case *sub judice*. "[W]ithout evidence of changing conditions or serious judicial error in interpretation sufficient to compel deviation"[1] from existing precedent, the majority could not diverge from our prior holding in *Roberts* and, in fact, did not do so. However, by adopting new Syllabus point 4, whereby an employer may now reference the fault of its employee in causing or contributing to the allegedly unsafe working condition, the majority essentially has overruled Syllabus point 8 of *Roberts* because the effect of its holding is to permit an employer to do precisely what *Roberts* admonished it could not do: assert an employee's contributory negligence as a defense to a deliberate

---

[1]Syl. pt. 2, in part, *Dailey v. Bechtel Corp.*, 157 W. Va. 1023, 207 S.E.2d 169 (1974).

4

intention cause of action. I do not agree with the majority's decision to depart so markedly from our existing precedent absent a compelling reason to do so. Accordingly, I dissent.

**2. This Court may not substitute its judgment for a clear expression of legislative intent.** In granting injured employees a statutory right to bring a deliberate intention claim against their employers, the Legislature carefully has enumerated the elements of the cause of action and indicated that the injured employee has the burden of proving that his/her injuries resulted from the employer's deliberate intention:

> (2) The immunity from suit provided under this section and under sections six [§ 23-2-6] and six-a [§ 23-2-6a], article two of this chapter may be lost only if the employer or person against whom liability is asserted acted with "deliberate intention." This requirement may be satisfied only if:
>
> . . . .
>
> (ii) The trier of fact determines, either through specific findings of fact made by the court in a trial without a jury, or through special interrogatories to the jury in a jury trial, that all of the following facts are proven:
>
> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
> (C) That the specific unsafe working condition was a

violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§ 23-4-1], article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(ii) (2005) (Repl. Vol. 2010).[2] The statute does *not*, however, allow an employer to assert as a defense to a claim of deliberate intention its employee's contributory negligence. *See id. See also Roberts*, 208 W. Va. at 236, 539 S.E.2d at 496

---

[2]An alternate method of proving an employee's deliberate intention claim, which is not relevant to the instant proceeding, is provided by W. Va. Code § 23-4-2(d)(2)(i) (2005) (Repl. Vol. 2010). *See* W. Va. Code § 23-4-2(d)(2)(i) (providing that an employee may establish his/her employer acted with deliberate intention if "[i]t is proved that the employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of: (A) Conduct which produces a result that was not specifically intended; (B) conduct which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct[.]").

("Apart from intoxication and a self-inflicted injury, however, the governing statutes do not provide employers with any other defenses to a claim for workers' compensation benefits. Similarly, *our adoption, by way of implication, of additional defenses sounding in contributory negligence would be inconsistent with the definite legislative intent . . . 'to establish a system which compensates even though the injury or death of an employee may be caused by his own fault.'* W. Va. Code § 23-4-2(c)(1)."[3] (emphasis added; internal footnote omitted)).

Be that as it may, the majority essentially has added an employer's defense of contributory negligence to the statutory deliberate intention cause of action by holding, in new Syllabus point 4, in part, that an employer "may introduce evidence that is relevant to the issue[] of *whether an employee's conduct created a specific unsafe working condition.*" (Emphasis added). Because the governing statute does not specifically permit employers to assert this defense, this Court is not at liberty to add to the workers' compensation statutes that which the Legislature purposefully has omitted.

> It has been held repeatedly by this Court that the right to workmen's compensation benefits is based wholly on statutes, in no sense based on the common law; that the rights, remedies and procedures thereby provided are exclusive; that the commissioner is authorized to award and pay benefits and that

---

[3]The statutory language quoted by *Roberts* that formerly was found in W. Va. Code § 23-4-2(c)(1) (1991) (Cum. Supp. 1991) is now set forth in W. Va. Code § 23-4-2(d)(1) (2005) (Repl. Vol. 2010).

> a claimant is authorized to demand payment of benefits only in such manner and in such amounts as are authorized by applicable statutes.

*Bounds v. State Workmen's Comp. Comm'r*, 153 W. Va. 670, 675, 172 S.E.2d 379, 382-83 (1970) (citations omitted).

As such, this Court is bound to enforce the express legislative intent of the workers' compensation statutes, including those that govern deliberate intention actions. "It is not the province of the courts to make or supervise legislation, and a statute may not, under the guise of interpretation, be modified, revised, amended, distorted, remodeled, or rewritten[.]" *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W. Va. 137, 145, 107 S.E.2d 353, 358 (1959) (citation omitted). Neither is this Court

> at liberty to read into a statute that which simply is not there. . . . "If the Legislature has promulgated statutes to govern a specific situation yet is silent as to other related but unanticipated corresponding situations, it is for the Legislature to ultimately determine how its enactments should apply to the latter scenarios."

*Kasserman & Bowman, PLLC v. Cline*, 223 W. Va. 414, 421, 675 S.E.2d 890, 897 (2009) (quoting *Soulsby v. Soulsby*, 222 W. Va. 236, 247, 664 S.E.2d 121, 132 (2008)). *Accord Young v. Apogee Coal Co., LLC*, No. 12-0835, ___ W. Va. ___, ___, ___ S.E.2d ___, ___, slip op. at 18 (Nov. 6, 2013) (noting, with respect to petitioner's policy arguments regarding deliberate intention statutory provisions, that "it is simply not the place of this Court to opine as to the wisdom or efficacy of those concerns in this area which the Legislature has

8

unmistakably set out to manage wholly by statutory enactment" (citations omitted)); *Banker v. Banker*, 196 W. Va. 535, 546-47, 474 S.E.2d 465, 476-77 (1996) ("It is not for this Court arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." (citations omitted)).

These authorities make clear that this Court cannot substitute its judgment in a matter reserved to the legislative branch of government. Accordingly, I dissent from the majority's decision to grant to employers an additional defense to a *statutory* deliberate intention cause of action that has not been sanctioned by the Legislature.

### B. Mr. Simmons' Status As an Employee At the Time of His Accident Has Already Been Finally Determined and May Not Be Relitigated

Through its resolution of the third certified question in this case, the majority essentially has decided to allow the employer herein to dispute that Mr. Simmons sustained his injuries in the course of and as a result of his employment even though this issue has been definitively determined by this Court in a prior proceeding holding Mr. Simmons' claim for workers' compensation benefits to be compensable as a work-related injury. *See generally Simmons v. West Virginia Office Ins. Comm'r/Master Mech., Insulation, Inc.*, No. 33788 (W. Va. Sept. 19, 2008) (mem. order). Historically, this Court has frowned upon the relitigation of issues that have been finally determined in a proceeding involving the same

9

issues and the same parties insofar as such determinations serve as collateral estoppel to prevent the revisiting of decided issues in subsequent proceedings involving the same issues and the same parties.

We previously have held that "[c]ollateral estoppel is designed to foreclose relitigation of issues in a second suit which have actually been litigated in the earlier suit even though there may be a difference in the cause of action between the parties of the first and second suit." Syl. pt. 2, in part, *Conley v. Spillers*, 171 W. Va. 584, 301 S.E.2d 216 (1983). This preclusive effect of collateral estoppel operates as follows:

> Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl. pt. 1, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Furthermore, "[i]n order for . . . collateral estoppel to apply, the party against whom the doctrine is invoked must have been a party in the prior action or in privity with a party in the prior action." *State ex rel. Clifford v. West Virginia Office of Disciplinary Counsel*, 231 W. Va. 334, ___, 745 S.E.2d 225, 234 (2013).

10

Applying this analysis to the facts of the case *sub judice*, it is apparent that the issue of whether Mr. Simmons had volunteered to perform the work in question is of no moment because, regardless of whether such work was voluntary or whether his employer had commanded him to do the same, this Court already has determined that Mr. Simmons was injured in the course of and as a result of his employment when we held his claim for workers' compensation benefits to be compensable. *See generally Simmons*, No. 33788 (W. Va. Sept. 19, 2008). In other words, we previously concluded that Mr. Simmons, whether voluntarily or not, was performing work for his employer when he sustained the injuries he herein ascribes to his employer's deliberate intention. This same issue was litigated in Mr. Simmons' workers' compensation claim; we rendered a final decision on the issue therein; Mr. Simmons' employer was a party to the compensability proceeding; and, during that case, the employer vigorously challenged Mr. Simmons' ability to receive workers' compensation for his injuries claiming that he was at the job site voluntarily and, thus, was not injured in the course of and as a result of his employment. *See* Syl. pt. 1, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114.

Despite the definitive nature of our earlier determination, the majority has found it prudent to allow Mr. Simmons' employer to "argu[e] that Mr. Simmons voluntarily agreed to remove the decontamination unit from the second floor of Building B." Maj. op. at p. 17. Whether Mr. Simmons volunteered for this specific job assignment or not, our prior

11

ruling and the indisputable evidence in this case establish that the employer gave Mr. Simmons specific instructions and directions regarding the removal of this equipment. Moreover, whether Mr. Simmons volunteered for this particular job assignment is of no moment insofar as we already have determined that he was injured in the course of and as a result of his employment. Therefore, it is clear that the doctrine of collateral estoppel applies to bar the relitigation of this issue in the case *sub judice*. To the extent the majority has reached a contrary conclusion, I respectfully dissent.