# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2016 Term**

_____

**No. 15-0898**

_____

**FILED**

**May 18, 2016**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 132 HEALTH AND WELFARE FUND, et al.,**
**Plaintiffs Below, Petitioners**

**v.**

**L.A. PIPELINE CONSTRUCTION COMPANY, INC.,**
**Defendant Below; and**
**UNITED BANK, INC., Intervenor Below**
**Respondents**

_____

Certified Question from the United States District Court
for the Southern District of West Virginia
The Honorable Robert C. Chambers, United States District Judge
Civil Action No. 3:13-cv-00537

**CERTIFIED QUESTION ANSWERED**

_____

Submitted: April 27, 2016
Filed: May 18, 2016

Lawrence B. Lowry, Esq.
Barrett, Chafin, Lowry & Amos
Huntington, West Virginia
Counsel for the Petitioners

Patrick Morrisey, Esq.
Attorney General
Elizabeth G. Farber, Esq.
Assistant Attorney General
Charleston, West Virginia

James S. Huggins, Esq.
Daniel P. Corcoran, Esq.
Theisen Brock
Marietta, Ohio
Counsel for the Respondent,
L.A. Pipeline Construction Company

Floyd E. Boone Jr., Esq.
Bowles Rice LLP
Charleston, West Virginia

**Counsel for *Amicus Curiae***
**West Virginia Division of Labor**

**Counsel for Intervenor**
**United Bank, Inc.**

**Thomas A. Heywood, Esq.**
**Sandra M. Murphy, Esq.**
**Julia A. Chincheck, Esq.**
**Daniel J. Cohn, Esq.**
**Bowles Rice LLP**
**Charleston, West Virginia**
**Counsel for *Amicus Curiae***
**West Virginia Bankers Association, Inc.,**
**and Community Bankers of West**
**Virginia.**

**CHIEF JUSTICE KETCHUM delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.      Under West Virginia Code Section 21-5-14(g) [2012], a wage bond obtained pursuant to the West Virginia Wage Payment Collection Act may be terminated, ended, or concluded only with the approval of the Commissioner of the Division of Labor.  The Commissioner of the Division of Labor may approve termination of the wage bond only after he/she has determined that the wages and fringe benefits due and owing to all employees protected by the wage bond have been paid or that the employer who obtained the wage bond is of sufficient financial responsibility to pay wages and fringe benefits.  This statute applies equally to a letter of credit serving as a wage bond obtained pursuant to the Wage Payment Collection Act.

2.      "To the extent that W.Va. Code § 46-5-106 (1963) conflicts with W.Va. Code § 21-5-14 (1989), the provisions of the latter are controlling with regard to the termination of an irrevocable letter of credit serving as a wage bond.  In other words, an irrevocable letter of credit serving as a wage bond pursuant to W.Va. Code § 21-5-14 (1989) can only be terminated with the approval of the Commissioner of the Division of Labor."  Syl. Pt. 6, *Leary v. McDowell Cnty. Nat'l Bank*, 210 W.Va. 44, 552 S.E.2d 420 (2001).

3.      To the extent West Virginia Code Section 46-5-106 [1996] conflicts with West Virginia Code Section 21-5-14 [1991], the provisions of the latter are controlling with regard to the termination of a perpetual irrevocable letter of credit serving as a wage bond.  In other words, a perpetual irrevocable letter of credit serving as

i

a wage bond pursuant to West Virginia Code Section 21-5-14 [1991] can only be terminated with the approval of the Commissioner of the Division of Labor.

**Chief Justice Ketchum:**

The United States District Court for the Southern District of West Virginia presents this Court with one certified question regarding a "Perpetual Irrevocable Letter of Credit/Wage Bond." This letter of credit/wage bond was obtained pursuant to the West Virginia Wage Payment Collection Act ("WPCA") by an out-of-state corporation.[1]

The letter of credit/wage bond's duration is governed by two competing bodies of law: (1) the WPCA, which pertains to wage bonds; and (2) the Uniform Commercial Code, which pertains to letters of credit. Consequently, the district court presented us with the following question, which has been reformulated by this Court:[2]

> Does a "Perpetual Irrevocable Letter of Credit/Wage Bond" obtained pursuant to the Wage Payment Collection Act remain in effect until terminated with the approval of the Commissioner of the Division of Labor, as provided by the Wage Payment Collection Act, or does it automatically expire five years from its stated date of issuance, regardless of whether it has been terminated with the Labor Commissioner's approval, as provided by the Uniform Commercial Code?

---

[1] The WPCA is codified in West Virginia Code Section 21-5-1, *et seq.* In West Virginia Code Section 21-5-14 [2012], it "provide[s] that any employer engaged in the construction industry or in the mining industry who has been doing business in the State for less than five years shall obtain a bond payable to the State to secure payment of wages and fringe benefits to employees." *Perry v. Barker*, 169 W.Va. 531, 533, 289 S.E.2d 423, 425 (1982).

[2] "[T]his Court retains the power to reformulate questions certified to it under . . . the Uniform Certification of Questions of Law Act found in *W.Va.Code*, 51–1A–1, *et seq.*" Syl. Pt. 3, in part, *Kincaid v. Mangum*, 189 W.Va. 404, 432 S.E.2d 74 (1992).

We answer: To the extent they conflict, the WPCA prevails over the Uniform Commercial Code on the duration of a letter of credit/wage bond obtained pursuant to the WPCA. Thus, under West Virginia law, the letter of credit/wage bond at issue in this case remains in effect until terminated with the approval of the Labor Commissioner.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

This dispute arises from a corporation's failure to fully pay its employees. The employer is L.A. Pipeline Construction Company, an Ohio corporation. The aggrieved employees are a group of engineers who worked on a pipeline job in West Virginia.[3] L.A. Pipeline admitted liability for failing to pay the engineers' fringe benefits and administrative union dues. Now, it seeks to avoid paying on that liability by claiming a wage bond ensuring employee access to wages has expired.

Before these facts occurred, L.A. Pipeline had not conducted much work in West Virginia. Therefore, the WPCA required it to obtain a wage bond securing its employees' wages. A wage bond obtained pursuant to the WPCA may take various

---

[3] The employee engineers' interests are represented by the International Union of Operating Engineers, Local No. 132 Health and Welfare Fund; International Union of Operating Engineers, Local No. 132 Pension Fund; International Union of Operating Engineers, Local No. 132 Apprenticeship and Skill Improvement Fund; International Union of Operating Engineers, Local 132 Annuity and Savings Fund; and International Union of Operating Engineers, Local No. 132 AFL-CIO. We refer to the Plaintiffs as the "engineers" throughout this opinion.

2

forms, including a letter of credit.[4]  Under the WPCA, it may be terminated with the Labor Commissioner's approval only after the Commissioner has determined that all wages and fringe benefits have been paid.[5]

Pursuant to the WPCA's wage bond requirement, L.A. Pipeline obtained a "Perpetual Irrevocable Letter of Credit/Wage Bond" in January 2009.  The letter of credit/wage bond provided in part:

> This perpetual irrevocable letter of credit is posted as a wage bond pursuant to [the WPCA], and is subject to the provisions thereof, and the laws of the State of West Virginia. . . . This perpetual irrevocable letter of credit/wage bond may only be terminated with the approval of the Commissioner of the West Virginia Division of Labor pursuant to the terms and conditions of [the WPCA]. . . . The Issuing bank further agrees to notify the Commissioner . . . prior to the five (5) year anniversary of the Issuing date so that the Commissioner can determine if the wage bond may be terminated pursuant to [the WPCA].

The letter of credit/wage bond was issued by United Bank, Inc. and listed the Labor Commissioner as the beneficiary.  Under the letter of credit/wage bond, the Labor Commissioner would draw funds from United Bank if L.A. Pipeline failed to fully pay its employees.  In this event, L.A. Pipeline would owe United Bank the amount withdrawn by the Labor Commissioner.

In April 2011, L.A. Pipeline failed to pay the engineers' fringe benefits and administrative union dues.  When the engineers notified the Labor Commissioner about

---

[4] W.VA. CODE § 21-5-14(c).

[5] W.VA. CODE § 21-5-14(g).

3

L.A. Pipeline's failure to pay, they were advised to obtain a court order to collect payment through the letter of credit/wage bond.[6]

In January 2013, the engineers relied on the Labor Commissioner's advice and sued L.A. Pipeline for unpaid wages in the United States District Court for the Southern District of West Virginia.[7] In April 2014, the parties entered into an agreed judgment order in which L.A. Pipeline admitted it owed the engineers $129,273.90 in unpaid employee benefit contributions. L.A. Pipeline did not pay the engineers the amount owed under the judgment order.

In March 2015, the engineers filed a writ of suggestion calling on the Labor Commissioner to draw from the letter of credit/wage bond to satisfy the agreed judgment order. In response, L.A. Pipeline threatened to sue United Bank if it paid the Labor Commissioner under the letter of credit/wage bond.

In April 2015, L.A. Pipeline responded to the engineers' writ of suggestion, asserting the letter of credit/wage bond is no longer in effect. Citing provisions of the Uniform Commercial Code, L.A. Pipeline argued that the letter of credit/wage bond

---

[6] It was incumbent on the Labor Commissioner, not the engineers, to collect payment through the letter of credit/wage bond. The WPCA states "If the commissioner . . . finds that such wages and fringe benefits or a portion thereof are unpaid, *he shall* make demand of such employer for the payment of such wages and fringe benefits." W.VA. CODE § 21-5-14(e) (emphasis added). Indeed, "The . . . Commissioner of Labor has a clear legal duty to enforce the bonding . . . provisions of the [WPCA]." *Perry*, 169 W.Va. at 539, 289 S.E.2d at 428.

[7] The engineers' complaint alleged L.A. Pipeline violated the federal Employee Retirement Income Security Act of 1974 and the federal Labor Management Relations Act of 1974.

4

automatically expired in January 2014, five years after its issuance date in January 2009. United Bank intervened in this dispute and adopted L.A. Pipeline's position.

Essentially, this dispute is whether the letter of credit/wage bond is still in effect. The engineers argue that, under the WPCA, the letter of credit/wage bond is still in effect because it has not been terminated with the Labor Commissioner's approval and L.A. Pipeline has not paid them. L.A. Pipeline and United Bank assert it automatically expired in January 2014 under the Uniform Commercial Code. The district court found this issue has not been directly addressed by this Court. Therefore, on September 17, 2015, it certified a question on the letter of credit/wage bond's duration to this Court.

## II.
## STANDARD OF REVIEW

In regard to a federal court's certified question, "A de novo standard is applied by this Court in addressing the legal issues presented by a certified question from a federal district or appellate court."[8]

## III.
## ANALYSIS

The federal court asks us to resolve the duration of a letter of credit/wage bond obtained pursuant to the WPCA. Two bodies of law govern this subject-matter: (1) the WPCA, which pertains to wage bonds; and (2) the Uniform Commercial Code, which pertains to letters of credit.

---

[8] Syl. Pt. 1, *Light v. Allstate Ins. Co.*, 203 W.Va. 27, 506 S.E.2d 64 (1998).

5

To answer this question, the parties dispute two issues: (1) whether the WPCA is clear and unambiguous that the letter of credit/wage bond remains in effect; and, if so, (2) whether the WPCA prevails over the Uniform Commercial Code to the extent they conflict on the letter of credit/wage bond's duration. We discuss both issues in turn.

### A. *The West Virginia Wage Payment Collection Act*

In West Virginia Code Section 21-5-14(g), the WPCA provides that a wage bond may terminate only with the approval of the Labor Commissioner:

> *The bond may be terminated, with the approval of the commissioner*, after an employer submits a statement, . . . that the following has occurred: The employer has ceased doing business and all wages and fringe benefits have been paid, or the employer has been doing business in this State for at least five consecutive years and has paid all wages and fringe benefits. *The approval of the commissioner will be granted only after the commissioner has determined that the wages and fringe benefits have been paid.* The bond may also be terminated upon a determination by the commissioner that an employer is of sufficient financial responsibility to pay wages and fringe benefits.[9]

The engineers argue that, under West Virginia Code Section 21-5-14(g)'s clear and unambiguous terms, payment, or the ability to pay, wages and fringe benefits are a pre-requisite to terminating a letter of credit serving as a wage bond. Thus, the

---

[9] W.Va. Code § 21-5-14(g) (emphasis added).

letter of credit/wage bond remains in effect because L.A. Pipeline has not paid their wages and fringe benefits.

However, L.A. Pipeline and United Bank assert West Virginia Code Section 21-5-14(g) is not as clear as it seems. They cite a provision in the Uniform Commercial Code which states: "A letter of credit that states that it is perpetual expires five years after its stated date of issuance[.]"[10] They contend that, reading the two statutes together, the Uniform Commercial Code creates an ambiguity in West Virginia Code Section 21-5-14(g) despite its seemingly clear language.

We decline to find ambiguity in West Virginia Code Section 21-5-14(g)'s language merely because another statute may seemingly conflict with it. As we have held: "The rule that statutes should be read and construed together . . . may not be invoked when the language of the statute is clear and unambiguous."[11] Indeed, "a related statute cannot be utilized to create doubt in an otherwise clear statute."[12]

If West Virginia Code Section 21-5-14(g) is clear and does not lend itself to multiple constructions, its language must be accepted as it is written. As is well-established, "[w]here the language of a statute is clear and without ambiguity the plain

---

[10] W.VA. CODE § 46-5-106(d) [2012].

[11] *State v. Epperly*, 135 W.Va. 877, 881-82, 65 S.E.2d 488, 491 (1951).

[12] *Berkeley Cnty. Pub. Serv. Sewer Dist. v. W.Va. Pub. Serv. Comm'n*, 204 W.Va. 279, 287, 512 S.E.2d 201, 209 (1998) (quotations and citations omitted).

7

meaning is to be accepted without resorting to the rules of interpretation."[13]   Likewise, we "presume that a legislature says in a statute what it means and means in a statute what it says[.]"[14]  "Plain statutory language does not need to be construed."[15]

West Virginia Code Section 21-5-14(g) is clear on its face.  It plainly sets out when a wage bond may be "terminated."  Giving the word "terminate" its common, ordinary, and generally accepted meaning, West Virginia Code Section 21-5-14(g) applies to when a wage bond "ends" or "concludes."[16]  Thus, a wage bond obtained pursuant to the WPCA may be terminated, ended, or concluded with the Labor Commissioner's approval "only after [he/she] has determined that the wages and fringe benefits of all employees have been paid" or "upon a determination by [him/her] that an employer is of sufficient financial responsibility to pay wages and fringe benefits."[17]

The Legislature did not make an exception to these statutory requirements for a letter of credit serving as a wage bond under the WPCA.  As we have held: "It is not for this Court arbitrarily to read into [a statute] that which it does not say.  Just as courts

---

[13] Syl. Pt. 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 109 (1968).

[14] *Martin v. Randolph Cnty. Bd. of Educ.*, 195 W.Va. 297, 312, 465 S.E.2d 399, 414 (1995) (quotations and citations omitted).

[15] *Tribeca Lending Corp. v. McCormick*, 231 W.Va. 455, 460, 745 S.E.2d 493, 498 (2013).

[16] *Terminate*, BLACK'S LAW DICTIONARY (9th ed. 2009) ("Terminate" means "to end" or "to conclude" generally).

[17] W.VA. CODE § 21-5-14(g).

are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposefully omitted."[18] Thus, we will not create an exception to the WPCA where the legislature declined to do so.

Therefore, we hold that, under West Virginia Code Section 21-5-14(g) [2012], a wage bond obtained pursuant to the West Virginia Wage Payment Collection Act may be terminated, ended, or concluded only with the approval of the Commissioner of the Division of Labor. The Commissioner of the Division of Labor may approve termination of the wage bond only after he/she has determined that the wages and fringe benefits due and owing to all employees protected by the wage bond have been paid or that the employer who obtained the wage bond is of sufficient financial responsibility to pay wages and fringe benefits. This statute applies equally to a letter of credit serving as a wage bond obtained pursuant to the Wage Payment Collection Act.

Our holding accords with the WPCA's plain intent, which is to ensure working people in this state have access to their agreed-upon wages and to provide them a remedy for recovering those wages when they are wrongly withheld.[19] "It is always presumed that the Legislature will not enact a meaningless or useless statute."[20] Here, the

---

[18] *Phillips v. Larry's Drive-In Pharm., Inc.,* 220 W.Va. 484, 491, 647 S.E.2d 920, 927 (2007) (quotations and citations omitted).

[19] *Grim v. E. Elec. LLC.*, 234 W.Va. 557, 571, 767 S.E.2d 267, 281 (2014).

[20] Syl. Pt. 4, *State ex rel. Hardesty v. Aracoma*, 147 W.Va. 645, 129 S.E.2d 921 (1963).

9

WPCA's wage bond requirement would be rendered "meaningless" if wage bonds were allowed to automatically expire before all wages and fringe benefits have been paid.[21] Accordingly, we find the WPCA clearly and unambiguously provides this letter of credit/wage bond remains in effect.

**B. *Conflict between the Wage Payment Collection Act and the Uniform Commercial Code***

Even though the letter of credit/wage bond remains in effect under the WPCA, our inquiry does not end. A provision in the Uniform Commercial Code, West Virginia Code Section 46-5-106(d) provides, "A letter of credit that states that it is perpetual expires five years after its stated date of issuance[.]" In this case, the letter of credit/wage bond states it is perpetual, and it was issued more than five years ago. Thus, we are faced with two seemingly conflicting laws that apply to the letter of credit/wage bond: (1) the WPCA, under which the letter of credit/wage bond remains in effect; and (2) the Uniform Commercial Code, under which the letter of credit/wage bond is no longer in effect.

Ordinarily, where two statutes apply to the same subject matter, the more specific statute prevails over the general statute. "When faced with a choice between two statutes, one of which is couched in general terms and the other of which specifically speaks to the matter at hand, preference generally is accorded to the specific statute."[22]

---

[21] *Perry*, 169 W.Va. at 539, 289 S.E.2d at 428.

[22] *Newark Ins. Co. v. Brown*, 218 W.Va. 346, 351, 364 S.E.2d 783, 788 (2005).

10

As we have held: "The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled."[23]

In West Virginia Code Section 21-5-14(g), the WPCA specifically speaks to the matter at hand while the Uniform Commercial Code is couched in general terms. The WPCA's application is limited to letters of credit serving as wage bonds pursuant to its wage bond requirement. By contrast, the Uniform Commercial Code applies to letters of credit generally, with no special provision regarding letters of credit serving as wage bonds. Thus, under our rule in which a specific statute prevails over a general statute, the WPCA must prevail over the Uniform Commercial Code as to the letter of credit/wage bond's duration.

In a similar case, *Leary v. McDowell County National Bank*, 210 W.Va. 44, 552 S.E.2d 420 (2001), we found the WPCA prevailed over the earlier 1963 version of the Uniform Commercial Code regarding termination of an irrevocable letter of credit serving as a wage bond. In Syllabus Point 6 of *Leary*, we held:

> To the extent that W.Va. Code § 46-5-106 (1963) conflicts with W.Va. Code § 21-5-14 (1989), the provisions of the latter are controlling with regard to the termination of an irrevocable letter of credit serving as a wage bond. In other words, an irrevocable letter of credit serving as a wage bond pursuant to W.Va. Code § 21-5-14 (1989) can only be

---

[23] Syl. Pt. 1, *UMWA v. Kingdon*, 174 W.Va. 330, 325 S.E.2d 120 (1984).

11

terminated with the approval of the Commissioner of the Division of Labor.[24]

The following two rationales supported this holding: (1) the Uniform Commercial Code states it may be supplemented by other statutes; and (2) the WPCA's remedial purpose requires that the letter of credit/wage bond be available to compensate unpaid employees.[25]

Both of these rationales apply to the 1996 version of the Uniform Commercial Code. Importantly, the Uniform Commercial Code recognizes that when it conflicts with another statute:

> [I]nterpretive principles addressing the [relationship] between statutes may lead the court to conclude that the other statute is controlling, even though it conflicts with the Uniform Commercial Code. *This, for example, would be the result in a situation where the other statute was specifically intended to provide additional protection to a class of individuals* engaging in transactions covered by the Uniform Commercial Code.[26]

This statement in the Uniform Commercial Code naturally leads us to *Leary*'s next rationale: the WPCA is remedial legislation intended to protect West Virginia workers. Likewise, the WPCA's remedial purpose is only accomplished when

---

[24] Syl. Pt. 6, *Leary*, 210 W.Va. at 51, 552 S.E.2d at 427. This holding is limited to the 1963 version of the Uniform Commercial Code. *Id*., at 51 n.9, 522 S.E.2d at 427 n.9.

[25] *Id*. at 51, 552 S.E.2d at 427. We caution that even though the Uniform Commercial Code may be supplemented by other statutes, some of its provisions may not be varied by agreement between the parties. *See* W.VA. CODE § 46-5-103(c) [2012].

[26] W.VA. CODE § 46-1-103, cmt. 3 (emphasis added).

the wage bond is available to compensate unpaid employees. As we have held: "Because it is remedial legislation, the WPCA must be construed liberally in order to accomplish the purposes for which it was intended."[27]

Therefore, we extend our reasoning in Syllabus Point 6 of *Leary* to the current 1996 version of West Virginia Code Section 46-5-106(d). To the extent West Virginia Code Section 46-5-106 [1996] conflicts with West Virginia Code Section 21-5-14 [1991], the provisions of the latter are controlling with regard to the termination of a perpetual irrevocable letter of credit serving as a wage bond. In other words, a perpetual irrevocable letter of credit serving as a wage bond pursuant to West Virginia Code Section 21-5-14 [1991] can only be terminated with the approval of the Commissioner of the Division of Labor.[28]

Under the WPCA's clear and unambiguous terms, the Labor Commissioner's approval, which may be granted only upon the payment, or the ability to pay, wages and fringe benefits, is a pre-requisite to the termination of a wage bond. Because the WPCA's provisions are controlling with regard to termination of the letter of credit/wage bond, it remains in effect.

---

[27] *Citynet LLC. v. Toney*, 235 W.Va. 79, 92, 772 S.E.2d 36, 49 (2015).

[28] We stress our holding is limited to letters of credit serving as wage bonds pursuant to the WPCA. Letters of credit that do not serve as wage bonds obtained pursuant to the WPCA are unaffected by our holding in this case.

**IV.**
**CONCLUSION**

To the extent they conflict, the WPCA prevails over the Uniform Commercial Code on the duration of a letter of credit/wage bond obtained pursuant to the WPCA. Thus, under West Virginia law, the letter of credit/wage bond at issue in this case remains in effect until terminated with the approval of the Labor Commissioner.

Certified Question Answered.