# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## September 2017 Term

_____

No. 17-0630

_____

FILED

November 1, 2017

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### STATE OF WEST VIRGINIA ex rel.
### FAIRMONT STATE UNIVERSITY BOARD OF GOVERNORS,
Petitioner

v.

### THE HONORABLE PATRICK N. WILSON,
### GALEN HANSEN,
### ALBERT MAGRO, and
### WEST VIRGINIA HIGHER EDUCATION POLICY COMMISSION,
Respondents

_____

## Petition for Writ of Prohibition

## WRIT GRANTED

_____

Submitted: October 17, 2017
Filed: November 1, 2017

Patrick Morrissey, Esq.
Attorney General
Dawn E. George, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for the Petitioner

Jerry A. Carbo, Esq.
Shippensburg, Pennsylvania
Counsel for the Respondents,
Galen Hanson and Albert Magro

Candace Kraus, Esq.
West Virginia Higher Education Policy
Commission
Charleston, West Virginia
Counsel for the Respondent,
West Virginia Higher Education Policy
Commission

**JUSTICE KETCHUM delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.    "Actions wherein a state agency or official is named, whether as a principal party or third-party defendant, may be brought only in the Circuit Court of Kanawha County."  Syl. Pt. 2, *Thomas v. Bd. of Educ.*, 167 W.Va. 911, 280 S.E.2d 816 (1981), *disapproved on other grounds by Hansbarger v. Cook*, 177 W.Va. 152, 157 n.5, 351 S.E.2d 65, 70 n.5 (1986).

2.    Under West Virginia Code § 14-2-2a [2004], a lawsuit in which West Virginia University or Marshall University is made a party defendant shall be brought in the circuit court of any county in which the cause of action arose, unless otherwise agreed by the parties.  This statutory exception to the general rule that an action against a state agency may be brought only in Kanawha County applies exclusively to lawsuits against West Virginia University or Marshall University.

i

**Justice Ketchum:**

The Fairmont State University Board of Governors ("Fairmont State") and the West Virginia Higher Education Policy Commission ("HEPC") were sued in the Circuit Court of Marion County by some faculty members of Fairmont State. Fairmont State and the HEPC filed identical motions to dismiss the lawsuit based on, among other things, improper venue. The circuit court denied both motions to dismiss.

Fairmont State requests that we issue a writ prohibiting the circuit court from hearing the lawsuit against it and the HEPC. West Virginia's venue statutes require that the lawsuit against Fairmont State and the HEPC be filed in Kanawha County. The circuit court exceeded its legitimate powers by holding otherwise. Therefore, we issue the requested writ of prohibition.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2017, some faculty members at Fairmont State sued their university's Board of Governors and the HEPC in Marion County Circuit Court. The lawsuit alleges that Fairmont State deliberated and decided on public matters in private meetings in violation of the West Virginia Open Meetings Act (West Virginia Code §§ 6-9A-1 to -12 [1975]) and that it did not fully comply with the plaintiffs' Freedom of Information Act request. In addition, the lawsuit alleges that the HEPC failed to exercise its oversight responsibility over Fairmont State to prevent it from acting illegally. The

1

faculty members sought injunctive relief, a writ of mandamus, and a declaratory judgment.

Fairmont State and the HEPC filed identical motions to dismiss the lawsuit based on, among other things, improper venue. They asserted that, subject to exceptions which do not apply in this case, lawsuits against state agencies must be filed in Kanawha County. The circuit court denied Fairmont State's and the HEPC's motions to dismiss and held that Marion County was a proper venue to hear the lawsuit. In response, Fairmont State filed its petition for a writ of prohibition with this Court.

## II.
## STANDARD OF REVIEW

We use the following factors to decide whether to grant Fairmont State's requested writ of prohibition:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that

2

the third factor, the existence of clear error as a matter of law,
should be given substantial weight.[1]

Furthermore, we have noted that a writ of prohibition may be used to preclude a circuit court from hearing a lawsuit against a state agency when it does not have venue.[2]

## III.
## ANALYSIS

Fairmont State and the HEPC argue that Marion County is not a proper venue for the lawsuit filed against them. Venue for lawsuits against state agencies is controlled by West Virginia Code § 14-2-2 [1976], which, in pertinent part and with emphasis added, provides: "(a) The following proceedings shall be brought and prosecuted *only in the circuit court of Kanawha County*: (1) Any suit in which . . . a state agency is made a party defendant." Likewise, this Court has held: "Actions wherein a state agency or official is named, whether as a principal party or third-party defendant may be brought *only in the Circuit Court of Kanawha County*."[3] Syl. Pt. 2, *Thomas v.*

---

[1] Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996) (footnote added).

[2] *See, e.g., State ex rel. W.Va. Real Estate Appraiser Licensing & Cert. Bd. v. Chiles*, 234 W.Va. 125, 128, 763 S.E.2d 663, 666 (2014) (granting state agency's writ of prohibition on ground that Kanawha County was only proper venue for plaintiff's lawsuit against it); *State ex rel. Stewart v. Alsop*, 207 W.Va. 430, 435, 533 S.E.2d 362, 367 (2000) ("This Court has previously utilized a writ of prohibition to preclude a trial court from proceeding to hear a case where venue was improper under [West Virginia's state agency venue statutes]."); *State ex rel. W. Va. Bd. of Educ. v. Perry*, 189 W.Va. 662, 669, 434 S.E.2d 22, 29 (1993) (same).

[3] *See also*, Franklin D. Cleckley, Robin Jean Davis, & Louis J. Palmer, *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(3) at 370 (4th ed.
(continued . . .)

*Bd. of Educ.*, 167 W.Va. 911, 280 S.E.2d 816 (1981) (emphasis added), *disapproved on other grounds by Hansbarger v. Cook*, 177 W.Va. 152, 157 n.5, 351 S.E.2d 65, 70 n.5 (1986).  Indeed: "We have consistently held that the provisions of W.Va. Code § 14-2-2, as amended, are exclusive to other venue provisions."[4]

Both Fairmont State and the HEPC fall within the Legislature's definition of a state agency, which is, "a state department, board, *commission*, *institution*, or other administrative agency of state government."[5]  More importantly, the parties do not dispute that Fairmont State and the HEPC are state agencies.  Therefore, unless an exception to the venue statute applies, West Virginia Code § 14-2-2 requires that the lawsuit filed against Fairmont State and the HEPC be brought in Kanawha County.

Despite the clear directive of West Virginia Code § 14-2-2, the circuit court found that venue was proper in Marion County under West Virginia Code § 14-2-2a [2004].  Section 14-2-2a is limited to lawsuits against West Virginia University and Marshall University; it provides, with emphasis added, that:

> (a) Notwithstanding the provisions of section two of this article [Section 14-2-2], any civil action in which . . . *West Virginia University* . . . is made a party defendant, shall

---

2012) ("Pursuant to W.Va. Code § 14-2-2, actions wherein a state agency or official is named, whether as a principal party or third-party defendant, may be brought only in the circuit court of Kanawha County.").

[4] *Vance v. Ritchie*, 178 W.Va. 155, 157, 358 S.E.2d 239, 241 (1987).

[5] W.Va. Code § 14-2-3 [1967] (emphasis added).  In 2017, the Legislature amended this statute in ways which do not affect this appeal.

4

be brought in the circuit court of any county wherein the cause of action arose, unless otherwise agreed by the parties.

(b) Notwithstanding the provision of section two of this article [Section 14-2-2], any civil action in which *Marshall University* . . . is made a party defendant, shall be brought in the circuit court of any county wherein the cause of action arose, unless otherwise agreed by the parties.

The circuit court conceded in its order that the plain language of Section 14-2-2a mentions only West Virginia University and Marshall University. However, the circuit court's order continued: "It logically follows that actions against other universities not specifically named in the statute should also be tried in the county in which the action occurred. This argument is the most compelling and the one on which this Court's decision as to venue primarily turns." In short, the circuit court extended Section 14-2-2a to Fairmont State because it could think of no reason why the Legislature would treat Fairmont State differently than West Virginia University or Marshall University.

We have repeatedly held that courts must not "arbitrarily . . . read into a statute that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted."[6] And because "the express mention of one thing implies the exclusion of another[,]" we must presume that the Legislature

---

[6] Syl. Pt. 11, in part, *Brooke B. v. Ray*, 230 W.Va. 355, 738 S.E.2d 21 (2013). *See also*, *Int'l Union of Operating Eng'rs v. L.A. Pipeline Constr. Co.*, 237 W.Va. 261, 266, 786 S.E.2d 620, 625 (2016); *W.Va. Bd. of Educ. v. Marple*, 236 W.Va. 654, 662, 783 S.E.2d 75, 83 (2015); *Young v. Apogee Coal Co., LLC.*, 232 W.Va. 554, 561 753 S.E.2d 52, 59 (2013); *Phillips v. Larry's Drive-In Pharmacy, Inc.*, 220 W.Va. 484, 491, 647 S.E.2d 920, 927 (2007).

5

purposely omitted Fairmont State from Section 14-2-2a based on its express mention of West Virginia University and Marshall University.[7] Indeed, Section 14-2-2a is plain and unambiguous, so it must be applied, not interpreted or construed.[8]

We hold that under West Virginia Code § 14-2-2a [2004], a lawsuit in which West Virginia University or Marshall University is made a party defendant shall be brought in the circuit court of any county in which the cause of action arose, unless otherwise agreed by the parties. This statutory exception to the general rule that an action against a state agency may be brought only in Kanawha County applies exclusively to lawsuits against West Virginia University or Marshall University. Neither West Virginia University nor Marshall University were made parties to this lawsuit. Therefore, Section 14-2-2a does not apply to this case.

Having established that West Virginia Code § 14-2-2a does not apply to this lawsuit, we address another statute the circuit court relied on to conclude that Marion County was a proper venue. The faculty members' lawsuit alleges, in part, that Fairmont State violated West Virginia's Open Meetings Act set out in West Virginia Code § 6-9A-1 to -12 [1975]. Under West Virginia Code § 6-9A-6 [1999], "[t]he circuit court in the county where the public agency regularly meets has *jurisdiction* to enforce [the West

---

[7] Syl. Pt. 3, in part, *Manchin v. Dunfee*, 174 W.Va. 532, 327 S.E.2d 710 (1984).

[8] *See* Syl. Pt. 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation.").

6

Virginia Open Meetings Act] upon civil action[.]"[9]   The circuit court incorrectly presumed that, because it had subject matter jurisdiction over the lawsuit, it had venue as well.

It is well-established that: "The terms 'venue' and 'jurisdiction' are not synonymous."[10]   "Jurisdiction is a court's inherent power to decide a case; venue, however, designates the particular county in which a court having jurisdiction may properly hear and determine the case."[11]   Because "[c]ourts must presume that a legislature says in a statute what it means and means what it says there[,]" we decline to insert "venue" into Section 6-9A-6 when the Legislature clearly limited the statute to "jurisdiction."  The Legislature designated Kanawha County as the proper venue for suits against state agencies.

However, that is not to say that a circuit court outside of Kanawha County is always barred from hearing a lawsuit against a state agency for lack of venue.  For example, the Legislature has enacted exceptions to its rule that state agencies may be sued only in Kanawha County, none of which apply here.[12]

---

[9] Emphasis added.

[10] Franklin D. Cleckley, Robin Jean Davis, & Louis J. Palmer, supra, § 12(b)(3) at 363 (citing *W. Va. Secondary Sch. Activities Comm'n v. Wagner*, 143 W.Va. 508, 520, 102 S.E.2d 901, 909 (1958) ("There is a distinction between jurisdiction and venue and the two terms are not synonymous.")).

[11] Syl. Pt. 8, *Brooke B.*, 230 W.Va. at 363, 738 S.E.2d at 29.

[12] *See, e.g.*, W.Va. Code § 14-2-2a (pertaining to lawsuits in which West Virginia University or Marshall University are made party defendants); W.Va. Code §

(continued . . .)

Furthermore, objections to venue may be waived by the defendant.[13]  Under West Virginia Rule of Civil Procedure 12(h)(1) [1998], "A defense of . . . improper venue is waived (A) if omitted from a motion in the circumstances described in subdivision (g) [Consolidation of Defenses in Motion], or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof[.]"  Put simply, "[o]rdinarily, [a defendant's] failure to object specifically to venue before pleading to the merits constitutes waiver of the objection."[14]

When a state agency that is made a defendant in a lawsuit filed outside of Kanawha County fails to object to venue, and thereby waives its objection to venue, the circuit court in which the lawsuit was filed has subject matter jurisdiction to enforce the West Virginia Open Meetings Act under Section 6-9A-6.  Because Fairmont State and the HEPC raised improper venue in their motions to dismiss, it is undisputed that they did not waive their objection to venue.  Therefore, the circuit court erred by relying upon Section 6-9A-6 to find that Marion County was a proper venue for this lawsuit.[15]

---

14-2-2(b) (pertaining to lawsuits seeking injunctive relief for government taking of real property).

[13] *See State ex rel. Kenamond v. Warmuth*, 179 W.Va. 230, 233, 366 S.E.2d 738, 741 (1988) ("Unlike jurisdiction, . . . venue may be conferred by consent or waiver[.]").

[14] *Hansbarger*, 177 W.Va. at 157, 351 S.E.2d at 71.

[15] Before we dispose of this case, we note that Fairmont State and the HEPC asserted an additional ground for its requested writ of prohibition.  They claim that West Virginia Code § 55-17-3(a)(1) [2008] required the plaintiffs to give them thirty days presuit notice before filing their complaint, and that the Plaintiffs failed to do so.

(continued . . .)

**IV.**
**CONCLUSION**

The lawsuit filed against Fairmont State and the HEPC must be filed in the Circuit Court of Kanawha County. Therefore, the circuit court exceeded its legitimate powers by holding that venue for this lawsuit is proper in Marion County.

Writ Granted.

---

Because we grant Fairmont State's requested writ of prohibition on grounds of venue, we decline to address the issue of presuit notice.

9