THREET *v.* PINKSTON

1. WORKMEN'S COMPENSATION—FELLOW EMPLOYEE—JOB-RELATED INJURY.

Common-law action by an employee against a fellow employee for a job-related injury is barred by the workmen's compensation act (MCLA § 413.15).

2. STATUTES—CONSTRUCTION.

The Court of Appeals may neither attempt to rewrite a statute nor read into a statute restrictions at variance with its plain language and clear meaning.

3. WORKMEN'S COMPENSATION—FELLOW EMPLOYEE—AUTOMOBILES—DISMISSAL AND NONSUIT.

Dismissal of action under the owner's civil liability statute for personal injuries sustained in an automobile collision at an employer's parking lot on the ground that plaintiff's exclusive remedy was under the workmen's compensation act *held* proper, where plaintiff's automobile was struck in the rear by an automobile owned by defendant, a fellow employee, and driven by defendant's son, also an employee, when plaintiff was on his way to work and defendant had already reported for work (MCLA §§ 257.401, 412.1, 413.15).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 58 Am Jur, Workmen's Compensation § 50.
Right to maintain direct action against fellow employee for injury or death covered by workmen's compensation.   21 ALR3d 845.
[2] 58 Am Jur, Workmen's Compensation § 26.
50 Am Jur, Statutes §§ 223, 228.
[3] 58 Am Jur, Workmen's Compensation § 221.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 October 7, 1969, at Lansing. (Docket No. 6,009.) Decided October 30, 1969.

Complaint by Billie M. Threet and Ruth Threet against John Pinkston for injuries and loss of consortium resulting from an automobile collision. Summary judgment for defendant. Plaintiffs appeal. Affirmed.

*Michael W. Evanoff* (*Carl L. Bekofske,* of counsel), for plaintiffs.

*Brownell, Gault & Andrews* (*Douglas M. Philpott,* of counsel), for defendant.

Before: QUINN, P. J., and BRONSON and T. M. BURNS, JJ.

QUINN, P. J. Plaintiffs appeal the trial court's dismissal of their personal injury action. The dismissal was on the basis of lack of jurisdiction.

Billie M. Threet, defendant and defendant's son, William Pinkston, are fellow-employees of Chevrolet Division of General Motors Corporation. The accident which gave rise to this action occurred January 8, 1966, in the parking lot of the employer at a time when Billie M. Threet and William Pinkston were on their way to work. Defendant had already reported for work. The automobile of Billie M. Threet was struck in the rear by an automobile owned by defendant but driven by William Pinkston.

Plaintiffs filed their action against defendant under the owner's civil liability statute. MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101). In denying jurisdiction, the trial court held that plaintiffs' ex-

clusive remedy was under the workmen's compensation act, MCLA §§ 412.1 and 413.15 (Stat Ann 1968 Rev §§ 17.151 and 17.189).

The Supreme Court has held that MCLA § 413.15, *supra,* bars a common-law action by an employee against a co-employee for a job-related injury. See *Sergeant* v. *Kennedy* (1958), 352 Mich 494, and *Jones* v. *Bouza* (1968), 381 Mich 299. In each of those cases, the co-employee was an active tortfeasor. Here plaintiffs contend that because defendant was not an active tortfeasor, was in no way involved in the accident and the only basis of his liability is the owner's civil liability statute, § 413.15 is no bar to the action.

The pertinent language of § 413.15 reads:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section."

The statute speaks not of common-law legal liability nor of an active tortfeasor. It speaks plainly of "under circumstances creating a legal liability in some person other than a natural person in the same employ". We may not attempt to rewrite the statute, *Mack* v. *Reo Motors, Inc.* (1956), 345 Mich 268, nor may we read into it restrictions at variance with its plain language and clear meaning. *Windolph* v. *Joure* (1948), 323 Mich 1.

Plaintiffs' injuries were job-related and compensable under MCLA § 412.1. They were caused under circumstances creating a legal liability in defendant under MCLA § 257.401, *supra*. Defendant is a natural person in the same employ as Billie M. Threet.

Affirmed with costs to defendant.

All concurred.