WILLIAM JAMES EISNAUGLE, *et al.*

*v.*

HOMER BOOTH

(No. 13599)

Decided June 22, 1976.

Rehearing Denied July 7, 1976.

*Bogarad & Robertson, Martin S. Bogarad and William R. Kiefer* for appellants.

*Frank A. Pietranton* for appellee.

BERRY, CHIEF JUSTICE:

In this case, the appellants, William James Eisnaugle and Gay Eisnaugle, his wife, the plaintiffs in a personal injury action, appeal the judgment of the Circuit Court

of Hancock County which affirmed the judgment of the Common Pleas Court of Hancock County. The question presented here is whether the action is barred by the provisions of *W. Va. Code*, 23-2-6a, as amended, which grants immunity from liability to a co-employee in the instance of an injury which is compensable under the State Workmen's Compensation laws.

At the time of the events giving rise to the action below, the appellant, James Eisnaugle, and the appellee, Homer Booth, were both employees of the National Steel Corporation in Weirton, West Virginia. On the evening of November 12, 1970, Eisnaugle and Booth were on their way to work. Eisnaugle had parked his car in the employer's private parking lot, which was adjacent to his place of employment and was walking to a location where he would punch a time card to begin work. While driving his personal automobile to park in the same parking area, Booth struck Eisnaugle and caused the injuries which were the subject of Eisnaugle's personal injury action. The abbreviated record indicates that Booth had been drinking and had been sent home afterward by company officials because of his alleged intoxication.

Following the commencement of the civil action in the Common Pleas Court of Hancock County, Booth moved the court for summary judgment, contending that he was immune from liability under *W. Va. Code*, 23-2-6a because Eisnaugle's injuries were received in the zone of his employment and were compensable under the State Workmen's Compensation laws. Initially, the trial court denied the motion for summary judgment. However, upon resubmission with additional undisputed facts, the court granted the motion and dismissed the appellants' complaint.

Upon appeal to the Circuit Court of Hancock County, the judgment of the Common Pleas Court was affirmed.

The sole issue presented in this appeal is whether the appellee, a fellow employee of the appellant, is entitled

to immunity from liability in the action by reason of the statute.

Under the West Virginia compensation law, an employer who has elected to provide compensation coverage is immune from civil liability for the unintentional injuries suffered by its employees arising out of their employment. The pertinent part of *W. Va. Code* 23-2-6, *as amended*, in effect at the time of the court's action below, reads as follows:

> "Any employer subject to this chapter who shall elect to pay into the workmen's compensation fund the premiums provided by this chapter shall not be liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after such election and during any period in which such employer shall not be in default in the payment of such premiums and shall have complied fully with all other provisions of this chapter: Provided, that the injured employee has remained in his service with notice that his employer has elected to pay to the workmen's compensation fund the premiums provided by this chapter."

*W. Va. Code* 23-2-6a, *as amended*, extends the same immunity to an employee of an employer who subscribes to the Workmen's Compensation fund:

> "The immunity from liability set out in the preceding section shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention."

As a general rule, where an injury is received by an employee on the employer's property near his place of work while the employee is going to work, such injury is deemed to have arisen in the course of and as a result of his employment. *Bilchak v. Workmen's Compensation Commissioner*, 153 W. Va. 288, 168 S.E.2d 723 (1969); 99 C.J.S. *Workmen's Compensation* §234 (1958). This familiar exception to the "going and coming" rule is articulated in the syllabus announced in *Hager v. Compensation*

*Commissioner,* 112 W. Va. 492, 165 S.E. 668 (1932):

> "Where an employee is accidentally injured upon premises owned or controlled by the employer at a point reasonably proximate to the place of work, while the employee is going to or from his work on a permissible route in general use by the employees, such injury will be deemed to have arisen from and in the course of the employment, within the Workmen's Compensation Act."

The Virginia case of *Brown v. Reed,* 209 Va. 562, 165 S.E.2d 394 (1969) is almost identical to the case at bar. In that case an employee had parked his automobile in the employer's parking lot and, after changing clothes in the locker room near the parking lot, was struck by an automobile of a fellow employee while walking across the parking lot to his employment. It was held that the injury was received in the course of and as a result of his employment, and that the plaintiff's rights and remedies were governed exclusively by the provisions of the Workmen's Compensation Act. Similarly, in the vast majority of jurisdictions the general rule, even in the absence of an immunizing statute, is that where an employee who is going to or coming from work is injured by a fellow employee on the employer's parking lot, the injury is received within the course of and as a result of employment and defendant co-employee is immune from liability for such injury. *See, e.g., Jackson v. Hutchinson,* 453 S.W.2d 269 (Ky. 1970); *Threet v. Pinkston,* 20 Mich. App. 39, 173 N.W.2d 731 (1969).

This Court said in *Bennett v. Buckner,* 150 W. Va. 648, 149 S.E.2d 201 (1966), that in a personal injury action between co-employees who were within the zone of employment at the time of the injury so that the injury is properly characterized as having been received in the course of and resulting from the employment, the immunity established by *W. Va. Code* 23-2-6a, *as amended,* attaches and defeats the plaintiff's cause of action. The circumstances in *Bennett* are quite similar to those pres-

ently before us. There, the plaintiff was injured while riding in a truck owned and operated by a fellow employee while the truck was being driven over the employer's private road to a point where the co-employees were to go to work. We ruled that the injury was received within "the zone of employment" and was therefore compensable under the Workmen's Compensation Act, thereby precluding recovery by the plaintiff against the co-employee in a civil action.

An exception to the immunity granted by *W. Va. Code,* 23-2-6a, *as amended,* exists where the injury is inflicted by the co-employee with "deliberate intention." We note initially that the appellants did not contend at any point in the proceedings below that the injury was inflicted by deliberate intention. Indeed, the plaintiffs' complaint was based on an allegation of negligent misconduct. Further, the appellants' petition for appeal from the Common Pleas Court to the Circuit Court of Hancock County specifically states that "the accident was not inflicted upon the plaintiff with deliberate intention by the defendant." Nevertheless, the appellants seek to bring the present circumstances within the exception by arguing that the alleged intoxication of the appellee should nullify the immunity afforded a fellow employee under the provisions of the statute. We find no merit in this contention. Neither gross negligence nor wanton misconduct are such as to constitute injury by deliberate intention as contemplated by the immunizing statute. *Brewer v. Appalachian Constructors, Inc.,* 135 W. Va. 739, 65 S.E.2d 87 (1951). So, even if we were to assume that the defendant was intoxicated and that his condition was responsible for his actions in injuring the plaintiff, we must nevertheless conclude that the requisite "*deliberate* intention" is absent.

For the reasons enunciated herein, the judgment of the Circuit Court of Hancock County is affirmed.

*Affirmed.*

WILSON, JUSTICE, *concurring:*

Although I concur in the decision in this case, I cannot subscribe to language in the opinion and in Syllabus No. 2 indicating that wanton misconduct, if alleged and proved, would not sustain an employee's action against an employer for injury by deliberate intention under *W. Va. Code*, 23-4-2.

This case was readily decided without reference to "deliberate intention," and I am concerned that the language of the opinion and Syllabus No. 2 will do much mischief in future actions by employees against employers in which the question of the employer's "deliberate intention" could, in pleadings and proof, be fairly raised under the language as used in *W. Va. Code*, 23-4-2.

When this language was first confronted by this Court, it seemed that it was viewed reasonably and was so interpreted as to give an employee the benefit of a cause of action left open to him by the statute. Although the standards of pleading and proof were intended to be strict, there was no apparent effort to define "deliberate intention" in such terms as to impose what now amounts to a higher standard of pleading and proof than would be required in pleading and proving a charge of murder.

A brief chronological review of the principal cases addressing the problem will serve to show the development of a rigid and restrictive interpretation whose effect has been to choke off any rational exercise of the valuable right of action which the Workmen's Compensation statute preserved for employees against employers.

In *Collins v. Dravo Contracting Co.*, 114 W. Va. 229, 234–35, 171 S.E. 757 (1933), this Court took a reasonable approach to the requisites of an employee's statement of a valid claim against an employer for injury by "deliberate intention." In commenting upon facts alleged in plaintiff's declaration, the Court stated:

"If the defendant permitted the conditions set forth in the declaration to exist; if they were conditions that would naturally result in injury or death to its employees, and lent themselves to that purpose; if the defendant, prior to the happening that resulted in the death of plaintiff's decedent, knew full well that such conditions existed; then, however difficult the proof may be when it comes to that, as a matter of pleading, we cannot see why the very conditions alleged as matters of fact might not have been permitted to continue with the deliberate intent on the part of the employer, and with a design, that their continuance should cause injury or death or both to its employees."

Then, in *Maynard v. Island Creek Coal Co.*, 115 W. Va. 249, 253, 175 S.E. 70 (1934), this Court said:

"It may be that the carelessness, indifference and negligence of an employer may be so wanton as to warrant a judicial determination that his ulterior intent was to inflict injury. But in the very nature of things, a showing which would warrant such finding would have to be clear and forceful in high degree."

However, in *Allen v. Raleigh-Wyoming Mining Co.*, 117 W. Va. 631, 186 S.E. 612 (1936), the Court seemingly almost closed the door on actions by employees against employers when it stated in its Syllabus that:

"[A] *specific* intent on the part of the employer to produce the injury must be shown to support a recovery in such case." (Emphasis supplied.)

In *Brewer v. Appalachian Constructors, Inc.*, 135 W. Va. 739, 65 S.E.2d 87 (1951), this Court apparently permitted employees to have a peek into the room beyond when it stated that the employee must allege facts showing "or clearly implying such intent". But then, in Syllabus No. 3, the Court stated that negligence, however wanton, does not supply such intent. Perhaps the Court was at-

tracted by the niceties of tort-law semantics and could not permit itself to think in terms of the well-known law of inferences permitted from established facts—a staple of the criminal law by means of which "intent," "malice," and other elements of criminal conduct are frequently established.

I see no reason why this matter should remain in confusion or continue to be so severely restricted as to be meaningless to employees who are the victims of the most atrocious callousness of employers.

In other contexts, this Court has not had difficulty with the concept of wanton misconduct.

For example, in *Kelly v. Checker White Cab, Inc.*, 131 W. Va. 816, 822, 50 S.E.2d 888 (1948), this Court recognized, with approval, language from the Virginia case of *Thomas v. Snow*, 162 Va. 654, 174 S.E. 837, 839, as follows:

> "Negligence conveys the idea of heedlessness, inattention, inadvertence; willfulness and wantonness convey the idea of purpose or design, actual or constructive."

It would seem reasonable that, if wantonness conveys the idea of purpose or design, actual or constructive, then evidence sufficient to show wanton misconduct and injury resulting therefrom should be considered sufficient to permit a jury to find both deliberation and intent.

It is further peculiar that this Court has failed to take a strong position with reference to the expression "deliberate intention" when it has not struggled at all with the concept of willful misconduct when applied to an employee. For example, in *Young v. State Compensation Commissioner*, 123 W. Va. 299, 303, 14 S.E.2d 774 (1941), when it was dealing with a charge of willful misconduct on the part of an employee, this Court stated:

> "Knowledge of the statute or rule promulgated and *deliberate and intentional* violation of either

constitutes willful misconduct." (Emphasis supplied.)

In any further consideration of this matter, the Court might be well-advised to study the logical implications of language found in W. PROSSER, Handbook of the Law of Torts 185 (4th ed. 1971), in which it is stated that:

"The usual meaning assigned to 'wilful,' 'wanton' or 'reckless,' according to taste as to the word used, is that the actor has *intentionally* done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a *conscious* indifference to the consequences, amounting almost to willingness that they shall follow; and it has been said that this is indispensable." (Emphasis supplied.)

In a proper case, this Court should make an effort to state, for the benefit of employees, that it will permit "deliberate intention" to be established in accordance with some such standard.

It is time that we define a rule of law which permits employees to be treated as human beings whose hurts and sufferings are fully compensable. We should no longer permit employers knowingly to disregard safety standards, safety statutes, safety codes and safety warnings and, then, be immunized from liability by a restrictive judicial interpretation of "deliberate intention" which is illogical and contrary to the clear intent of the Workmen's Compensation statute.[1]

---

[1]*See* 72 W. Va. L. Rev. 90 (1970).