IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2022 Term

_____

No. 21-0578

_____

FILED

**November 3, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

ADAM GOODMAN and
PAUL UNDERWOOD,
Petitioners,

v.

BLAKE AUTON,
Respondent.

_____

Appeal from the Circuit Court of Mercer County
The Honorable Mark Wills, Judge
Civil Action Nos. 20-C-75-MW

REVERSED AND REMANDED

_____

Submitted: October 18, 2022
Filed: November 3, 2022

Kermit J. Moore, Esquire
Patrick D. McCune, Esquire
Brewster Morhous, PLLC
Bluefield, West Virginia
Counsel for Petitioner Adam Goodman

Chip E. Williams, Esquire
Jared C. Underwood, Esquire
Pullin, Fowler, Flanagan, Brown & Poe
PLLC
Beckley, West Virginia
Counsel for Petitioner Paul Underwood

Ryan J. Flanigan, Esquire
Flanigan Law Office
Princeton, West Virginia
Counsel for Respondent

JUSTICE ARMSTEAD delivered the Opinion of the Court.

# SYLLABUS BY THE COURT

1.     "A circuit court's entry of summary judgment is reviewed *de novo*." Syllabus Point 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

2.     "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963).

3.     "W. Va. Code § 23-2-6a [1949] extends the employer's immunity from liability set forth in W. Va. Code § 23-2-6 [1991] to the employer's officer, manager, agent, representative or employee when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention."  Syllabus Point 4, *Henderson v. Meredith Lumber Co., Inc.*, 190 W. Va. 292, 438 S.E.2d 324 (1993).

4.     "By reason of the provisions of Sections 6 and 6a, Article 2, Chapter 23 of Code, 1931, as amended, an employee of a subscriber to the workmen's compensation fund who negligently injures a fellow employee during the course of their employment is not liable to respond in damages to the injured fellow employee for the personal injuries thus caused him."  Syllabus Point 2, *Bennett v. Buckner*, 150 W. Va. 648, 149 S.E.2d 201 (1966).

5. "[A] statute that is clear and unambiguous will be applied and not construed." Syllabus Point 1, in part, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968).

6. "Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syllabus Point 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970).

**ARMSTEAD, Justice:**

Adam Goodman ("Goodman") and Paul Underwood ("Underwood") (collectively, Petitioners) appeal the Circuit Court of Mercer County's order denying their motion for summary judgment arising from an accident in which Blake Auton ("Auton") was injured. In that order, the circuit court held that there was a genuine issue of material fact as to whether Goodman was acting "within the scope of his employment" while he was driving a garbage truck when it backed over Auton, seriously and permanently injuring him. As to Underwood, the circuit court found the need for additional discovery relating to his actions.

We have thoroughly reviewed the record before us, heard oral argument of the parties, and reviewed and applied the pertinent legal authorities. From that review, we conclude that both Goodman and Underwood were clearly acting "in furtherance of the employer's business" and that the allegations against both Petitioners are those of pure negligence, which are barred by workers' compensation immunity.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2018, Goodman was the driver of a City of Bluefield garbage truck. Underwood and Auton were riding on the back of the truck, picking up garbage. While travelling along Wyoming Street in the City of Bluefield, Goodman placed the truck into reverse, backed up at approximately five miles per hour and struck something – the force of which knocked Auton off the back of the garbage truck, causing him to land in the

1

road behind the truck. Goodman then backed the truck over Auton and dragged him approximately 30 feet down the road, causing serious and permanent injuries resulting in the amputation of his right leg. Underwood was not knocked off the truck. Auton alleges Underwood was slow to react to the accident and to obtain Goodman's attention to stop the truck.

Immediately following the accident, Goodman was tested for controlled substances and tested positive for opiates, oxycodone, hydrocodone, and hydromorphone. Goodman was later indicted in Mercer County on one count of "Driving in an Impaired State Proximately Causing Bodily Injury," which charge was subsequently dismissed, without prejudice.

Auton applied for and received workers' compensation for his injuries. He then sued Underwood and Goodman for their alleged negligence but did not bring suit against their employer, the City of Bluefield. Goodman and Underwood filed motions for summary judgment alleging they were immune from tort liability under both the workers' compensation statutes and the West Virginia Governmental Tort Claims and Insurance Reform Act. *See* W. Va. Code §§ 22-2-6 (2003), 23-2-6a (1949), and 29-12A-1 (1986). In denying that motion, the circuit court found as to Goodman that there was a material issue of fact as to whether or not Goodman was operating the truck under the influence of drugs, thereby acting outside the scope of his employment. As to Underwood, the circuit court held that additional discovery was needed to determine his culpability. On appeal,

2

Petitioners renew their arguments that they are entitled to statutory immunity under the workers' compensation statutes and the West Virginia Governmental Tort Claims and Insurance Reform Act.[1]  *See id*.

## II.  STANDARD OF REVIEW

Under the West Virginia Rules of Civil Procedure, a circuit court shall grant a motion for summary judgment, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  W. Va. R. Civ. P. 56.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).  We have also held that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963).

---

[1] Auton filed a motion to dismiss the appeal on the ground that this appeal was taken from an unappealable interlocutory order.  We refused this motion.  We note that this appeal raises issues regarding the applicability of the West Virginia Governmental Tort Claims and Insurance Reform Act, which we have previously held may be subject to immediate appeal.  *See* Syl. Pt. 2, *Robinson v. Pack*, 223 W. Va. 828, 679 S.E.2d 660 (2009).

## III. ANALYSIS

There are two issues raised in the petition for appeal, both of which derive from the Petitioners' assertion of immunity from tort liability. The first is whether the claims below are barred by workers' compensation immunity. The other is whether those claims are barred by statutory immunity under the West Virginia Governmental Tort Claims and Insurance Reform Act.

Under our worker's compensation statutes, employers are generally immune from suit for injury or death of their employees if they are subscribers to worker's compensation:

> Any employer subject to this chapter who subscribes and pays into the workers' compensation fund the premiums provided by this chapter or who elects to make direct payments of compensation as provided in this section is not liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which the employer is not in default in the payment of the premiums or direct payments and has complied fully with all other provisions of this chapter.

W. Va. Code § 23-2-6.[2] This immunity extends to acts of employees of a subscribing employer when the "employee of such employer . . . is acting in furtherance of the

---

[2] The Legislature revised this section in the 2022 Regular Session. *See* W. Va. Code § 23-2-6 (2022). Those changes have no bearing on the outcome of this matter. Nonetheless, we cite to the 2003 version throughout this opinion in that it was the version of the statute in effect at the time of the events giving rise to this action.

employer's business and does not inflict an injury with deliberate intention." W. Va. Code § 23-2-6a. Indeed, this Court has further defined the scope of individuals to which such immunity applies, holding that "W. Va. Code § 23-2-6a [1949] extends the employer's immunity from liability set forth in W. Va. Code § 23-2-6 [1991] to the employer's officer, manager, agent, representative or employee when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention." Syl. Pt. 4, *Henderson v. Meredith Lumber Co., Inc.*, 190 W. Va. 292, 438 S.E.2d 324 (1993). Based upon the plain language of the statute, we have also found that "[w]orkers' compensation is the exclusive remedy against a coemployee when he acts in furtherance of the employer's business and does not inflict an injury with deliberate intention." *Deller v. Naymick*, 176 W. Va. 108, 111, 342 S.E.2d 73, 76 (1985).

> By reason of the provisions of Sections 6 and 6a, Article 2, Chapter 23 of Code, 1931, as amended, an employee of a subscriber to the workmen's compensation fund who negligently injures a fellow employee during the course of their employment is not liable to respond in damages to the injured fellow employee for the personal injuries thus caused him.

Syl. Pt. 2, *Bennett v. Buckner*, 150 W. Va. 648, 149 S.E.2d 201 (1966).

The extent of the immunity to suit as established by the Legislature is extremely broad:

> The Legislature intended for W.Va. Code § 23-2-6 (1991) to provide qualifying employers sweeping immunity from common-law tort liability for negligently inflicted injuries. As this Court succinctly stated in *State ex rel. Frazier v. Hrko,* 203 W.Va. 652, 659, 510 S.E.2d 486, 493 (1998), "[w]hen an employer subscribes to and pays premiums into the

5

Fund, and complies with all other requirements of the Act, the employer is entitled to immunity for any injury occurring to an employee and 'shall not be liable to respond in damages at common law or by statute.' W.Va. Code § 23-2-6 [1991]." This immunity is not easily forfeited.

*Bias v. E. Associated Coal Corp.*, 220 W. Va. 190, 194, 640 S.E.2d 540, 544 (2006). Thus, by the incorporation of the provisions describing an employer's immunity contained in West Virginia Code § 23-2-6 into West Virginia Code § 23-2-6a, the same sweeping immunity applies to co-employees.

Auton argues that because Goodman was under the influence of drugs, he was acting outside the scope of his employment and therefore not entitled to workers' compensation immunity from suit. However, Auton misconstrues the applicable statutory language. The question – based upon the clear statutory language – is not whether Goodman was acting outside the scope of his employment. The operative question is whether Goodman was acting "in furtherance of the employer's business." We are compelled to apply this plain language. "[A] statute that is clear and unambiguous will be applied and not construed." Syl. Pt. 1, in part, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968). "Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syl. Pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970). "We look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. 573, 587, 466 S.E.2d 424, 438 (1995). Indeed, we will apply the

6

statutory language and examine whether Petitioners were acting in "furtherance of the employer's business" when the accident occurred.

There appear to be no direct West Virginia cases discussing the specific phrase "in furtherance of the employer's business," in the context presented here. We point to two doctrines that discuss this language. The first is known as a "dual-purpose trip," and the other is called the "coming and going" rule. We have held that a co-employee who is engaged in a dual-purpose trip is entitled to immunity from tort liability if certain standards are satisfied:

> For purposes of determining whether a co-employee "is acting in furtherance of the employer's business" under W.Va. Code [§] 23–2–6a [1949], and thereby entitled to immunity from tort liability, a "dual purpose" trip, that is, a journey by an employee that serves both personal and business reasons, is a personal trip if it would have been made even though the business aspect of the journey was cancelled. However, it is a business trip if the journey would have gone forward even though the personal errand was cancelled. In any event, if the injury or death of an employee prevents the trip from going forward, the journey may still be a business trip if the business task would have been done by some other employee at some other time.

Syl. Pt. 1, *Jenrett v. Smith*, 173 W. Va. 325, 315 S.E.2d 583 (1983). We have also held that a driver coming and going to his place of employment may also be immune from suit when a co-employee is injured by the driver's negligence:

> Generally, where an injury is received by an employee on the employer's property near his place of work while the employee is going to work, such injury is deemed to have arisen in the course of and as a result of his employment, and

7

> where the injury is the proximate result of the negligence of a co-employee of an employer who subscribes to the Workmen's Compensation fund, the co-employee, by virtue of W.Va. Code [§] 23-2-6a, as amended, is immune from liability in a personal injury action initiated by the injured employee.

Syl. Pt. 1, *Eisnaugle v. Booth*, 159 W. Va. 779, 226 S.E.2d 259 (1976), *overruled on other grounds by Mandolidis v. Elkins Indus., Inc.*, 161 W. Va. 695, 246 S.E.2d 907 (1978). Petitioners urge us to find that *Eisnaugle* controls this matter. In that case,

> Eisnaugle had parked his car in the employer's private parking lot, which was adjacent to his place of employment and was walking to a location where he would punch a time card to begin work. While driving his personal automobile to park in the same parking area, Booth struck Eisnaugle and caused the injuries which were the subject of Eisnaugle's personal injury action.

*Eisnaugle*, 159 W. Va. at 780, 226 S.E.2d at 260. However, in that case, it was presumed that the driver of the car was acting "in furtherance of the employer's business." Indeed, *Eisnaugle* does not directly address the ultimate issue here – whether the driver was acting "in furtherance of the employer's business" when he injured the co-employee.

Although we have found no controlling West Virginia authority defining "in furtherance of the employer's business," our research has revealed persuasive authority that contains strikingly similar facts to those present here. *See Ortiz v. Clinton*, 928 P.2d 718 (Ariz. Ct. App. 1996). In *Ortiz*, one employee was driving a van under the influence of alcohol, which resulted in an accident that seriously injured the other employee. *Id.* at 719-720. The question was whether driver of the car "had abandoned his employment at the time of the accident, due to his intoxication, [and] was not engaged in any act beneficial

8

to. . ." his employer. *Id*. at 720. The Arizona court found that the driver was entitled to immunity from suit under Arizona's workers' compensation statutes:

> In this case, we can say as a matter of law that [the driver] was not so intoxicated that he abandoned his employment. Despite his intoxication, he was able to help the residents into the van. He was able to drive the van to the restaurant, although during part of the trip he did so recklessly. He was not incapacitated, and he was able to perform his job duties despite his intoxication; therefore, he did not abandon his employment.

*Id.* at 723-24 (footnote omitted).

In the present case, Goodman was likewise performing the duties assigned to him at the time Auton was injured. Under the allegations in the complaint, Goodman was operating the garbage truck with permission and authorization from the City of Bluefield, albeit while he was apparently under the influence of controlled substances. Though under the influence of such controlled substances, he performed his job duties, arguably in a negligent manner, by operating a City-owned garbage truck on its assigned garbage collection route. From those facts, we can say he was clearly acting in furtherance of the employer's business when the accident occurred, thereby entitling him to workers' compensation immunity.

With regard to Underwood, there are simply no allegations in the complaint or evidence in the record that he was not acting in furtherance of the employer's business. He was riding on the back of the garbage truck, performing his job duties in furtherance of

9

the employer's business – picking up garbage. To the extent that Auton alleges that Underwood did not inform Goodman that Auton had fallen from the truck in a timely manner, such allegation if proven would arguably give rise to a claim of negligence but would not remove him from furthering his employer's business.

*Black's Law Dictionary* defines "furtherance" as "the act or process of facilitating the progress of something or of making it more likely to occur; promotion or advancement." *Furtherance*, *Black's Law Dictionary* (11th ed. 2019). Based upon the record in this case, it is clear that both Goodman and Underwood were performing tasks that promoted and advanced the work assigned to them by their employer. The fact that Auton alleges that they were performing that work in a negligent manner, or as alleged in the case of Goodman, while under the influence of drugs and/or alcohol, does not remove their work from the realm of furthering their employer's business. Therefore, based upon the sweeping statutory immunity afforded co-employees from tort liability pursuant to West Virginia's workers compensation laws, we conclude that Petitioners are immune from suit for their actions giving rise to this matter. Because we find that workers' compensation immunity bars the cause of action and entitles Petitioners to summary judgment, we decline to address the issue of governmental immunity raised by Petitioners in their appeal.

10

## IV.  CONCLUSION

For the foregoing reasons, we reverse and remand to the circuit court to issue an order granting summary judgment to Petitioners.

Reversed and remanded.